DREW, Justice.
The sole question presented here is whether the lowe.r court was correct in holding that “Section 54.08, Florida Statutes, 1951, [F.S.A.] is an unwarranted and unconstitutional invasion by the Legislative branch of the Government of the Judicial branch” in disposing of the petitioner’s motion for a continuance on the ground that his attorney in the cause, George S. Okell, Sr., was a member of the 1953 Legislature. The Section referred to reads:
“54.08 Continuance of certain causes for term of legislature
“All pending litigation before the courts of this state shall stand continued during any session of the legislature where either attorneys representing the litigants are members of the legislature, when motion to that effect is made by such member.”
The original Act was adopted by the Legislature in 1933 as Chapter 15995. It has remained on the statute books of this State for nearly 20 years.
The Legislature is one of the three, independent, coordinate branches of the government. No one doubts the power of *482 this Court to declare an Act of the Legislature void in a proper case where such Act clearly conflicts with organic law. Neither branch of the government should encroach upon the clearly defined powers and duties of another branch. Each must ■respect the other branches. The courts must uphold and support the legislative branch'in its attempt to make certain its ability to function properly by providing for all members to be present, unless the attempt, as shown by the legislative enactment, is a clear invasion of the judicial field. It is just as important to preserve and protect the powers of the legislative and executive branches of the government and their ability to function as it is the judicial branch — perhaps more so because the greater power is vested in the judiciary.
At least two other States have upheld the validity of Acts of this nature. In Bottoms v. Superior Court, 82 Cal.App. 764, 256 P. 422, 424, (review denied by Supreme Court of California), the Court of Appeals of the Third District of that State had before it the California statute similar to the one here under consideration. Code Civ. Proc.Cal. § 1054. The California statute made it “the duty of said judge to extend said time until said session of the legislature adjourns, and thirty days thereafter”, St.1915 Cal., p. 204, upon application being duly made. The Court of Appeals, in upholding this Act, very appropriately observed:
“The purpose of the provision of section 1054 of the Code of Civil Procedure is obvious. It will readily be conceded that there is no activity connected with and essential to the preservation and maintenance of the social fabric of greater importance than that of the functioning of the legislative department of a state. In exercising and administering that branch of the sovereign powers of a state that is appropriated to it by the people, in a government such as ours, in which the sovereign powers are divided into and assigned to three different, -distinct, and independent departments, the Legislature is required to deal with the most sacred of human rights — rights which directly affect the life, the liberty and the property of the citizen. The members of that body, therefore, must give constant and uninterrupted attention to their duties as such while it is in session lest there be either ad-vertently or inadvertently bad legislation put over or good laws repealed, the effect of which would necessarily be to work, for the time, irreparable damage to the state. But these propositions are well understood and their soundness will be conceded, since it cannot possibly be doubted that the members of the Legislature, particularly such members as may belong to the legal profession and engaged actively in the practice thereof, should be relieved by the law from concerning themselves with extraneous matters or interest not pertaining to their legislative duties while they are in attendance on sessions of the Legislature and actually prosecuting their duties as such. On the other hand, the suggestions may be ventured, significant in the present connection, that a practicing lawyer deals with a science involving the most abstruse learning, in its remedial and procedural as well as its substantive branch, and in conserving or preserving, or protecting or defending the rights of his clients when such rights are questioned in the judicial tribunals, the demand for his undivided attention to those causes is as necessary or imperative as is the demand upon him for like attention while he is engaged in performing the duties of a member of the Legislature. It must be plainly apparent to every person of common intelligence that in any attempt upon his part to attend to his duties as a legislator and at the same time attend to his professional engagements, he could give neither to the people whom he represents, nor to his clients, while the legislative body of which he is a member is in .session, the capable service which he owes to both and which they have the right to expect from him. These considerations plainly disclose the motives of and also *483 exhibit the wisdom displayed by the Legislature in inserting in section 1054 of the Code of Civil Procedure' the provision the effect of which is to'relieve lawyers serving as members of that body from attending to certain of their professional duties during its session, so that they may not be diverted from the proper performance of the solemn duties they owe to the people as legislators, and, at the same time, that the causes of their clients pending in the courts contemporaneously with the sessions of the Legislature may be given the benefit of the scientific attention and supervision which they require and which only a lawyer learned in the principles of the law can properly give to legal prob-, lems.”
Illinois had a similar Act. It provided for a continuance for members of the Legislature upon filing an affidavit setting forth the necessary facts. The Act provided: “on the filing of such affidavit, the court may continue such suit.” 2 Starr & C.St. p. 1811. The Act was considered by the Supreme Court of Illinois in Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372, 36 N.E. 88, 89. That court, in speaking of the above quoted provisions, said: “The word ‘may’ must here be construed to mean ‘shall’ and it is not discretionary with the court to refuse or grant the continuance. [St. Louis & S. E.] Railway Co. v. Teters, 68 Ill. 144; Wicker v. Boynton, 83 Ill. 545.” (Emphasis supplied.) : While the refusal to grant a continuance in that case was held to be harmless error because the complaint was determined to be without equity, the court, in concluding its remarks concerning the statute said: “ * * *, we think that it was error to overrule the motion for a continuance * * *.”
The reasons ascribed in upholding the Illinois Act by the Supreme Court of that State in 1894 and the reasons given above by the California Court of Appeals for upholding the' California Act in 1927 are appropriate and pertinent here in Florida in 1953.
Moreover, the Constitution of this State recognizes the power of the Legislature to enact laws “ ‘regulating the practice of courts of justice’ ”. We have repeatedly recognized this right. See In re Petition of Florida State Bar Ass’n, etc., 145 Fla. 223, 199 So. 57, 60. Also In re Petition of Florida State Bar Ass’n., etc., 155 Fla. 710, 21 So.2d 605, 158 A.L.R. 699. We held in those and many other cases that as long as such practice is reasonably exercised it will have this Court’s approval.
The present Act is not only reasonable but necessary to the proper functioning of the Legislature. Litigants are entitled to be represented by the attorneys of their choice and when such attorney is engaged in the time-consuming and arduous business of serving the people as a member of the Legislature of this State for a short 60-day period every two years, it is certainly neither impairing the administration of justice nor infringing on the' Judiciary’s prerogatives for the Legislature to provide for such 60-day continuance. This is particularly true of the legislator who conducts a “one man” law firm. The courts are constantly in session, while the Legislature meets and must transact its business in a short period of 60 days every two years. It has the duty under the Constitution to carry on its part of the business of Government — and to carry it on effectively and efficiently. This certainly carries with' it the power to enact laws to enable it to do so.
Certiorari is granted and the order appealed from is quashed, with directions to enter an order in accordance with this opinion.
ROBERTS, C. J., MATHEWS, J., and PARKS, Associate Justice, concur.