HORTON, Judge.
This appeal is from a final judgment of dismissal entered for want of prosecution. It affirmatively appears from the record in this cause that no action was taken from June 15, 1955, until the appellee moved to dismiss the cause for failure to prosecute on July 11, 1957. No petition, as such, for reinstatement was filed by the appellant after the entry of the final judgment. However, in the appellant’s petition to avoid dismissal, she gives as her excuses for failure to prosecute the fact that she is a resident of the State of California, that she has not been present in the.State of Florida since May, 1950, and that she is a housewife without the means to come to Florida; all of which she charges to be within the knowledge of the appellee.
Section 45.19, Fla.Stat., F.S.A., in substance, provides that actions which have not been prosecuted for a period of one year shall be abated and upon motion dismissed by the court having jurisdiction of the cause. It further provides for reinstatement upon “good cause shown to the court.” In Miller v. Hartley’s, Fla.App.1957, 97 So.2d 211, the excuse for the failure to prosecute was similar to that urged by the appellant here. The court in the Miller case found that such was not “good cause” within the meaning of the statute, sufficient to warrant reinstatement. We feel that the Miller case is determinative of the only issue subject to review in this cause, and accordingly, the judgment appealed from should be, and it is hereby affirmed.
Affirmed.
CARROLL, CITAS., C. J., and PEARSON, J., concur.