118 So.2d 844 (1960)
J.C. DAVANT, Petitioner,
v.
COACHMAN PROPERTIES, INC., a Florida Corporation, Respondent.
No. 1599.
District Court of Appeal of Florida. Second District.
March 16, 1960.
*845 S.E. Simmons, and H. Rex Owen, St. Petersburg, for petitioner.
James Whitehurst, Brooksville, and Leon Whitehurst, Jr., Clearwater, for respondent.
WARREN, LAMAR, Associate Judge.
By petition for writ of certiorari review is requested of an order reinstating a cause dismissed for want of prosecution pursuant to F.S. § 45.19, F.S.A.
The case being at issue upon complaint and answer, it was set for trial during the week of July 7, 1958. Before this date arrived defendant was permitted to amend his third defense, to which the plaintiff filed a motion to strike and in addition filed a motion for leave to reply to the second defense, accompanying the motions with a notice for hearing on June 24, 1958. In the meantime the court entered an order directing a pre-trial conference for June 26, 1958.
By letters to opposing counsel and to the court, defendant's attorney advised that the hearing dates of June 24th and 26th conflicted with a prior engagement for trial, the first of these letters requesting a change of the hearing date and the second suggesting that the case be continued for the term or until a later date and removed from the trial calendar, the defendant agreeing therein, as evidence of good faith, after the case was at issue to try the same before the court without a jury. On July 7, 1958, the case was passed.
Except for the filing of certain discovery depositions on July 22, 1958, no further action occurred until July 23, 1959, on which date defendant moved under the statute that the case be dismissed for want of prosecution. This motion was granted.
Within the time permitted by the statute plaintiff filed its petition for reinstatement, assigning as good cause therefor (1) mental incompetency of one of counsel for plaintiff; (2) sickness and death of Jessie Candler Coachman; (3) announcement by the trial judge of his retirement prior to the next trial term of court; (4) defendant's written suggestion to the court that the case set for trial the week of July 7, 1958, be continued for the term and removed from the trial calendar, coupled with the request to change the hearing date; and (5) that the statute of limitations, if held applicable, would diminish plaintiff's claim upon the refiling of the cause. In its order the court did not indicate upon which ground the order of reinstatement was entered.
The single question presented is whether the petition for reinstatement showed good cause, it being our conclusion that it did not.
Mental incompetence, tragic though it may be, is in essence a form of sickness. Illness of a temporary nature extending over a period of weeks ordinarily presents no problem, for upon recovery ample time still remains within which to avoid the impact of the statute, but where it becomes apparent that the affliction will be of protracted duration or perhaps even permanent in nature, the time eventually comes when something must be done. The legislature contemplated such misfortunes as illness, but in the act drew the line at one year, a liberal and reasonable period within which litigants may readjust themselves to almost any kind of calamity. Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12; Allen v. Gaither, Fla.App. 1959, 112 So.2d 855. Furthermore, other counsel for plaintiff appeared in the record.
As to the sickness and death of Mrs. Coachman, because of her physical condition it had been stipulated that a notice of discovery deposition against her would be cancelled and that she would not be used as a witness on behalf of plaintiff at the trial. It also appeared that she was only one of a number of stockholders in the *846 plaintiff corporation. In Railway Exp. Agency v. Hoagland, Fla. 1952, 62 So.2d 756, it was held that a sole plaintiff's absence from this country was not sufficient reason for reinstatement. In any event, the motions could have been called up before the expiration of one year.
Turning to the third ground, the last pleading filed in this cause was on July 22, 1958. Some six months later the judge, to whom the case had been assigned, retired from the bench. There were however other judges in the circuit to whom the case could have been assigned; eventually, the various litigants in such litigation as was pending before the judge had to seek their relief elsewhere. In Sudduth Realty Co. v. Wright, Fla. 1951, 55 So.2d 189, it was held that the fact that Judge Hobson had been elevated to the supreme court bench before disposing of a motion was not sufficient excuse for failure to prosecute.
There is no merit, next, to plaintiff's argument that the one year statutory period was tolled when defense counsel suggested that the trial of a cause, which had resumed the pleading stage, be continued and removed from the trial calendar. When the hearings were cancelled and a few days later the cause was passed on the trial calendar, it was plainly incumbent upon the plaintiff thereafter to renotice the pending motions and, after the cause eventually became at issue again, to renotice the cause for trial at the next term, and to have the court act upon it, or expose it to the possibility of dismissal. It is not perceived how anything defendant requested or suggested lulled plaintiff into any sense of security, or resulted in defendant taking any advantage of plaintiff. The action that would have delayed or prevented the time from running would have been affirmative action taken at least once a year.
The fifth ground is not good cause. The object of the statute would be defeated if one could urge that while he had failed affirmatively to prosecute his action, his cause should be spared because a part of it would be lost to him if the statute were invoked.
Individually none of the grounds was sufficient for reinstatement and, being so, collectively, they were not legally sufficient.
Petition for certiorari is granted, and the lower court is directed to set aside the order of reinstatement and to dismiss the cause.
ALLEN, C.J., and KANNER, J., concur.