PER CURIAM.
The petitioner seeks a writ of certiorari asking this court to quash an order of the civil court of record which reinstated a cause of action previously dismissed pursuant to § 45.19, Fla.Stat., F.S.A.
This was a replevin action in which the respondent was the plaintiff and the petitioner the defendant in the trial court. It is admitted that no action had been taken in the cause for a period of more than one year and that upon motion and notice, the trial court dismissed the cause of action for lack of prosecution pursuant to § 45.19, supra. Within the thirty days provided by § 45.19, supra, the respondent petitioned for a reinstatement of the cause, which petition was sworn to by the respondent’s counsel of record. Without delineating the various misfortunes that deterred the respondent from prosecuting its cause of action, we nevertheless conclude that they were insufficient cause to warrant an order of reinstatement under the statute. By this we do not infer that the causes which are alleged to have existed did not in fact exist, but that they are not sufficient, when measured against the applicable principles of law, to constitute good cause under the statute. See Davant v. Coachman Properties, Inc., Fla.App.1960, 118 So.2d 844, and cases cited therein.
The respondent contends that this was an action in replevin and that the statute, § 45.19, supra, did not apply. Our attention has not been directed to any authority or decision that espouses this principle and the statute does not attempt to differentiate *292 in the types of causes of action which are subject to dismissal thereunder. It may be, as the respondent argues, that if the order of dismissal is reinstated a new cause of action will be required by the petitioner, to determine rightful possession of the personalty involved; nevertheless this would raise issues which are not before us or necessary for a determination of the present action.
In entering the order reinstating the cause, the trial court departed from the essential requirements of the law, and it follows that such order should be and it is hereby quashed with directions that the order dismissing the cause be reinstated.
Certiorari granted with directions.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.