142 So.2d 346 (1962)
FORT WALTON LUMBER & SUPPLY COMPANY, Appellant,
v.
J.R. PARISH, Jr., and D.P. Simmons d/b/a Parish Plumbing and Appliance, Inc., Appellee.
No. D-239.
District Court of Appeal of Florida. First District.
June 12, 1962.
*347 James W. Middleton, Ft. Walton Beach, for appellant.
William Dean Barrow, Crestview, for appellee.
CARROLL, DONALD K., Chief Judge.
Two of the defendants in a foreclosure suit have taken this interlocutory appeal from an order entered by the Circuit Court for Okaloosa County reinstating the cause after it had been dismissed for want of prosecution.
In this appeal we are called upon to construe Section 45.19(1), Florida Statutes, F.S.A., which provides:
"45.19 Abatement; actions or suits pending; failure to prosecute
"(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12 o'clock noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal."
The timetable of events pertinent to our present consideration is as follows:
The plaintiffs filed this suit on November 23, 1960, to foreclose certain mechanics liens against a large number of lots and defendants, including the two appellants. It appears from the record of the cause that process was issued and delivered to the plaintiffs' counsel but no service of process has ever been effected. On November 28, 1961, the defendants filed a motion to dismiss the cause under the above-quoted statute on the ground that "no action whatsoever has been taken in connection with the said complaint, no process having been issued or served therein." At a hearing on December 8, 1961, the court dismissed the cause. On the same date the plaintiffs filed a motion to reinstate the cause, alleging as *348 good cause: that settlement negotiations had continued until March, 1961 and that the law partnership representing the plaintiffs was dissolved on January 1, 1961, and since March, 1961, "confusion has reigned" as to which partner was responsible for the litigation.
The District Court of Appeal, Second District of Florida, in Davant v. Coachman Properties, Inc., 118 So.2d 844 (Fla.App. 1960) held that the said statutory period of one year is "a liberal and reasonable period within which litigants may readjust themselves to almost any kind of calamity." In that case the court further held that in that statute the "legislature contemplated such misfortunes as illness," but we do not think the legislature contemplated such a misfortune as the confusion reigning when a law partnership is dissolved, to which situation the clients could have readjusted themselves by the employment of other counsel when the partnership was dissolved.
The appellee has filed no brief in this appeal. In the appellant's brief reliance is placed upon the decision of the Supreme Court of Florida in Atlantic Coast Line Railroad Company v. Hill, 76 So.2d 861 (1955), in which the Supreme Court held with reference to Section 45.19:
"* * * The fact that one of the parties to the litigation discussed a settlement and promised to submit a proposal or figures within a week which was not done does not constitute the `good cause' contemplated and required by the statute. Gulf Appliance Distributors, Inc., v. Long, Fla., 53 So.2d 706; Sudduth Realty Co. v. Wright, Fla., 55 So.2d 189; Railway Express Agency v. Hoagland, Fla., 62 So.2d 756; Yelvington & Son, Inc., v. Sheridan, Fla., 65 So.2d 44, and Early v. Sarasota-Fruitville Drainage District, Fla., 67 So.2d 441."
The facts of that case, as revealed in this quotation, can be differentiated from the facts alleged in the instant case in that here "the plaintiffs and the defendants" allegedly engaged in the settlement negotiations. The motion for reinstatement alleges that "the plaintiffs and defendants have been effectively and actively engaged in negotiating settlement" of this cause of action "with plaintiff actively serving in the capacity of Creditor-Trustee in attempting to assist defendants to obtain the funds necessary to effect a compromise settlement. The settlement negotiations herein terminated * * * the end of March, 1961."
The Supreme Court in the Hill case and the Second District Court of Appeal in Davant v. Coachman Properties, Inc., 118 So.2d 844 (1960), seem to have strictly construed the words "good cause" in Section 45.19(1), which construction, we think, is in order in the special circumstances here.
In any event, even if the allegations of good cause in the motion for reinstatement were sufficient to allege good cause, which we hold they were not, the order of reinstatement would have to be reversed for the following reason: In its answer to the said motion to reinstate, the appellant denies the allegations of the motion as to the settlement negotiations. This answer thus raises a question of fact as to the negotiations alleged as the "good cause" for reinstatement, which question, under the orderly procedure of law, can only be determined after the presentation of evidence on this issue of fact. In the order appealed from, however, the Circuit Court, despite this factual issue, granted the motion to reinstate without affording any party an opportunity to present evidence on the controverted issue. In this, we think, the court committed error.
Under Section 45.19, a cause dismissed for lack of prosecution may be reinstated by petition "upon good cause shown to the court * * *." We think this means shown by evidence. Since evidence of good cause was completely lacking the cause should not have been reinstated.
*349 For the above reasons the order of reinstatement must be, and it is, reversed.
Reversed.
RAWLS, J., concurs.
STURGIS, J., concurring specially.
STURGIS, Judge (concurring specially).
I concur for the reason that the petition for reinstatement did not recite facts constituting good cause for having permitted a period of one year to elapse without taking some action, such as the filing of pleadings or order of court, or otherwise, affirmatively indicating that the suit was being prosecuted. Settlement negotiations do not operate to stay the period of time for taking such action.
The question of what constitutes good cause under the statute is a matter of sound judicial discretion. The trend of the case law, with which I agree, is to strictly construe the statute to the end that litigation may be dispatched, bearing in mind that "justice delayed is justice denied" and that inordinate delay brings the courts into disrepute.
The good cause necessary under the statute to reinstate an action dismissed for failure to prosecute must initially be made to appear by the petition for reinstatement, and the duty rests on the trial judge to first determine its sufficiency, assuming all facts well pleaded to be true. Jurisdiction to reinstate is not conferred by an answer traversing the allegations of a petition which fails to allege facts showing good cause for reinstatement. We are not confronted with any question of the procedure to be followed where there is a traverse of a prima facie showing of good cause. Fundamental to this case is the insufficiency of the petition. Under such circumstances, it would have been error, as well as a useless proceeding, for the court to have recognized the traverse of the petition and put the parties to proof on the immaterial issue raised by the pleadings.