CARROLL, DONALD K., Chief Judge.
The plaintiffs in an automobile collision action have appealed from an order entered by the Circuit Court for Duval County dismissing their cause for want of prosecution, and from the court’s subsequent order denying their petition for reinstatement of the cause.
The principal question before us on this appeal is whether the Circuit Court properly dismissed the plaintiffs’ cause under the provisions of Section 45.19(1), Florida Statutes, F.S.A., which reads:
“45.19 Abatement; actions or suits pending; failure to prosecute
“(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12 o’clock noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, *614 for a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal.”
The timetable of events pertinent to this inquiry is as follows: This action at law, which the plaintiffs instituted in 1958, was set for trial for September 12, 1960. Three days before this trial date the plaintiffs moved for and obtained an order of continuance. On the same day the court entered another order in the cause requiring that “before the above case be reset on the court’s trial docket, all legal taxable costs incurred by the defendants shall be paid by the plaintiffs.” On September 19th the defendant motor company filed its praec-ipe for taxing costs in the amount of $270. On October 12, 1960, the court entered an order providing “that this cause be stayed until such time as the plaintiffs do pay” the said amount to the defendant motor company.
Without having paid the said costs, and in the face of the orders of September 9 and October 12, 1960, the plaintiffs on October 11, 1961, served, and the following day filed, their “Motion to Set for Trial” and “Notice.” On October 17, 1961, the defendant motor company filed a motion to quash the plaintiffs’ said motion to set for trial and to dismiss the cause for want of prosecution, and the other defendants filed a motion to dismiss for want of prosecution pursuant to the above-quoted statute. On December 8, 1961, the plaintiffs tendered their check for $270 for costs to the defendant motor company, which refused and returned the check three days later.
On December 20, 1961, the Circuit Court entered an order, which is one of the two orders appealed from herein, granting the defendants’ said motions and dismissing the plaintiffs’ cause for want of prosecution.
The plaintiffs on January 18, 1962, filed a sworn petition for reinstatement of the cause, alleging that at all times from October 12, 1960, they have been ready, willing, and able to pay all costs and interest incurred by the defendant motor company, but, relying on the statements of an attorney for the said defendant as to a possible reduction of the taxed costs from $270 to $120, the plaintiffs did not attempt to pay the said costs until the said attorney claimed that all of the costs in the sum of $270 were due. The attorney in question filed an affidavit denying the making of any such verbal arrangement.
In its order of February 9, 1962, the other order appealed from herein, the Circuit Court denied the plaintiffs’ petition for failure to show the required “good cause” for reinstatement, and refused to consider the alleged conversation pursuant to Rule 1.5(d) of the Florida Rules of Civil Procedure, 30 F.S.A., which provides:
“(d) Stipulations. No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall be in writing, subscribed by the party or his attorney, against whom it is alleged; provided, however, that parole agreements may be made before the court, if promptly made a part of the record, or incorporated in the stenographic notes of the proceedings.”
The precise primary question before us, then, is whether the plaintiffs’ filing of their “Motion to Set for Trial” and “Notice” on October 12, 1961 (the last day of the one-year period contemplated by Section 45.19), constituted an action from which it shall “affirmatively appear * * * that the same is being prosecuted * * * ” within the meaning of that statute.
*615 While in the ordinary case the filing by a plaintiff of a motion to set his cause for trial would undoubtedly be considered as an affirmative showing that his cause is being prosecuted, the filing of such a motion here had a different legal effect because that filing was a void act in direct violation of the orders of September 9 and October 12, 1960, because the plaintiffs had failed to pay the costs as required in those orders. We agree with the Circuit Court that such a filing under these circumstances does not constitute an action showing that the cause is being prosecuted, within the meaning of Section 45.19. We also agree with the court that the plaintiffs’ petition failed to show good cause for reinstatement within the meaning of the statute. The orders appealed from, therefore, are
Affirmed.
STURGIS and RAWLS, JJ., concur.