PER CURIAM.
This is an appeal from a final judgment rendered upon a jury verdict in favor of the plaintiff, appellee. Three points are stated by the appellants; they are as follows:
(1) The trial court abused its discretion in reinstating this action where there was no affirmative showing of a bona fide excuse for failure to prosecute in accordance with Fla.Stat., § 45.19, F.S.A.
*698 (2) The trial court committed reversible error in failing to grant defendants’ motion for directed verdict.
(3) The trial court committed reversible error in taxing costs against the defendants.
In order to understand the basis of appellants’ contention brought forward in their point one, the following chronology of the action is set forth*
December 6, 1961 — bill of complaint.
January 12, 1902 — appellants’ answer.
February 21, 1962 — appellants’ motion for summary judgment.
Marcli 14, 1962 — order denying appellants’ motion for summary Judgment
June 10, 1963 — order of dismissal.
June 18, 1963 — appellee’s motion to reinstate action.
July 10, 1963 — order reinstating action.
It will be observed from the above sequence of events that the last paper filed in the proceedings prior to the order of dismissal was on March 14, 1962. It has, however, been stipulated by counsel for both parties that a pre-trial order, which does not appear in the record, was entered on May 23, 1962. The motion to reinstate the action, filed on June 18, 1963, as grounds for “good cause” set out that a previous attorney for the ap-pellee had removed his practice from Dade County, and that an attorney who was then a member of the Florida State Legislature and had been attending sessions of the Legislature since April, 1963, was new counsel for the appellee.
In Adams Engineering Co. v. Construction Products Corp., Fla.1963, 156 So.2d 497, the Supreme Court of Florida had occasion to reiterate the law of this State upon the question of appellate review of a denial by the trial court of a motion to dismiss for lack of prosecution. In that case the Supreme Court quashed a decision of this Court and set forth' the guidelines that are to be followed in the review of such orders. The Supreme Court held:
“ * * * While the decision here, applying the ordinary standard of appellate review, has some support in the cases, it conflicts with what we believe to be the better principle embodied in the cases holding that the ruling of a trial court in these premises must be regarded as discretionary. The statutory standard of ‘good cause shown’ requires the exercise of a judicial discretion based upon evidence rather than arbitrary in character. We now hold that such an order is subject to attack only upon the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party. * * * ” 156 So.2d at 499.
It further appears that the Supreme Court, on petition for rehearing, applied the same standard of good cause required for reinstatement.
In the case now before us the previous attorney, who removed himself from participation in the case by moving to another city, and the new counsel, who was a member of the Legislature, were members of the same firm representing the plaintiff. We hold that the trial judge did not abuse his discretion when he found that under these circumstances, good cause existed for reinstatement pursuant to § 45.19, Fla.Stat., F.S.A.
Appellants’ second point requires a review of the record to determine whether the manifest weight and probative force of the evidence required a directed verdict for the defendants because the evidence was legally insufficient to support a verdict for the plaintiff. It is necessary to briefly set forth the facts in order to present our consideration of this question. The evidence established that the appellants were proceeding north on U. S. Highway One in an unpopulated area where the highway is straight. The accident occurred between Key Largo and Florida City where the highway is two-lane, heavily travelled and bounded by a canal on the east side. Mrs. Little was driving; she was proceeding approximately 500 feet behind plaintiff’s automobile at a speed of approximately 60 miles *699 per hour. She was first alerted to the impending accident when she noted a car some distance ahead pull out of its southbound lane as if to pass. Simultaneously, she noted the brake lights on plaintiff’s vehicle; she stated that she applied her brakes as a precautionary measure with the intent of slowing down in order to maintain the same speed as the vehicle she was following. She did not apply her brakes full force, or attempt to stop until after the actual collision between the two vehicles in front of her had occurred. Subsequently, when she finally did make a full effort to stop her car, she was not able to do so although her brakes were in good condition. Her car collided with the plaintiff’s car resulting in property damage which is sought to be compensated for in this suit. Mrs. Little did not veer off to the right side of the road for the same reason that the plaintiff’s car did not veer which was the dangerous condition of the shoulder of the road and the immediate proximity of the canal. The question then is could the jury have found that Mrs. Little was negligent because of her failure to immediately comprehend the danger which she was approaching, and therefore make an immediate attempt to bring her car to a stop.
It is possible that this Court might have reached a different conclusion as to the existence of negligence than that reached by the jury and the judge who heard the evidence. Nevertheless, we are not justified in substituting our judgment for theirs. As the courts of this State have emphasized, the function of the jury is to weigh and evaluate the evidence and this is particularly important in negligence cases where reasonable men may draw different conclusions from the same evidence. Barr v. Mizrahi, Fla.App.1960, 124 So.2d 508. We conclude that there was a reasonable basis for the verdict of the jury.
Appellants’ third point is directed to the assessment of costs by the trial judge. It is based upon a contention that the amount taxed included the cost of copies of certain depositions. The appellants contend that the exact amount allowed by the trial judge could only have been reached by including a claimed item for copies of depositions. However, the total amount actually allowed was less than the total amount claimed and in view of the failure of appellants to secure an order designating the items allowed, we do not think it is necessary for an appellate court to guess how the amount allowed was reached. We, therefore, decline to reverse the order assessing costs.
Affirmed.