173 So.2d 135 (1965)
Carl O. LITTLE and Vera P. Little, his wife, Petitioners,
v.
Joseph P. SULLIVAN, Respondent.
No. 33807.
Supreme Court of Florida.
March 26, 1965.
Fowler, White, Gillen, Humkey & Trenam and John L. Welborn, Miami, for petitioners.
Papy & Carruthers, Miami, for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we have for review a decision of the District Court of Appeal, Third District, which comes to us with the certificate of the *136 court that it passes upon a question thereby certified to be of great public interest. Little et al. v. Sullivan, 166 So.2d 697.
The ultimate question to be decided is whether Section 54.08, Florida Statutes, F.S.A., by its own force, constitutes "good cause" for reinstating an action previously dismissed for failure to prosecute under Section 45.19(1), Florida Statutes, F.S.A.
The certificate of the District Court makes it unnecessary for us to explore jurisdictional facets of the problem presented. We proceed directly to the merits. Susco Car Rentals v. Leonard, Fla., 112 So.2d 832.
A complaint for damages was filed by respondent Sullivan against the petitioners Little on December 6, 1961. The cause proceeded through preliminary pleadings. According to a stipulation, the last "action" in the prosecution was a pre-trial order entered May 23, 1962. On June 10, 1963, the trial judge entered an order dismissing the action for failure to prosecute over a period of one year. A motion to reinstate was filed by Sullivan on June 18, 1963. The trial judge entered an order reinstating the cause on July 10, 1963. The motion to reinstate was grounded upon the following:
(1) Sullivan's original attorney moved to Fort Lauderdale in November, 1962;
(2) The handling of the case was then taken over by an attorney who was a member of the Florida Legislature which had been in session from the first week in April 1963, to the date of the motion;
(3) Under Section 54.08, Florida Statutes, F.S.A., litigation is automatically continued for the duration of the Session when a party is represented by a legislator.
The trial judge concluded that the motion presented facts which constituted a "good cause" sufficient to justify the reinstatement of the action under Section 45.19 (1), supra. Ultimately there was a verdict awarding damages in favor of Sullivan. The District Court affirmed this holding. It is this decision which we now have for review.
Section 45.19(1), Florida Statutes, F.S.A., provides in part that an action shall be deemed abated for want of prosecution and shall be dismissed when "there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of three years [one] [year], * * *" The section further provides "that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one month after such order of dismissal."
The cited statute is obviously intended to promote the expeditious disposition of litigation. It contains two basic component elements. It provides for dismissal upon inaction for a year showing a lack of prosecution for that period. It further provides for re-instatement after dismissal "upon good cause shown" by petition filed within one month.
In regard to dismissal, the requirements of the statute are mandatory if it is demonstrated to the court that no action towards prosecution has been taken within a year. The trial judge has no discretion in the enforcement of this aspect of the statute. When the essential inaction is established, dismissal necessarily follows. May v. State, Fla., 96 So.2d 126; Adams Engineering Co. v. Construction Products Corp., Fla., 156 So.2d 497.
However, within 30 days after the order of dismissal, a party in interest may obtain reinstatement upon a showing of "good cause". In Adams, supra, we held that the statutory standard of "good cause" for reinstatement requires the exercise of a sound judicial discretion. This is not an arbitrary or unrestrained discretion. It *137 must have evidentiary support to establish the "good cause".
When a judicial discretion is allowed a trial judge, his exercise thereof will not be lightly regarded. On the other hand, the exercise of a judicial discretion is controlled by applicable principles of law and equity. Discretion is not available as a support for a conclusion in the face of a positive rule of law to the contrary. Ellard v. Godwin, Fla., 77 So.2d 617; McWhorter v. McWhorter, Fla.App., 122 So.2d 504.
The motion for reinstatement was grounded essentially on the contention that Sullivan's lawyer was a member of the 1963 Legislature, and that by virtue of Section 54.08, Florida Statutes, F.S.A., the action was automatically continued for the duration of the Session. If this were the rule, the movant would have been entitled to reinstatement of the cause. However, if continuance was not automatic under the statute then there was no supporting "good cause" to justify reinstatement.
Section 54.08, Florida Statutes, F.S.A., reads as follows:
"All pending litigation before the courts of this state shall stand continued during any session of the legislature and for a period of time fifteen days prior to any session of the legislature and fifteen days subsequent to the conclusion of any session of the legislature where either attorneys representing the litigants are members of the legislature, when motion to that effect is made by such member."
We recognized the justification for this statute in Brooks v. Pan Am. Loan Co., Fla., 65 So.2d 481. It is intended to relieve lawyer-legislators of the pressures of attention to the litigation of their clients during the period when they are busily engaged in the public's business in the Legislature. It serves a valid and important function. However, the statute is certainly not self-executing.
By the very language of the statute the privilege of obtaining a continuance is available only "when [a] motion to that effect is made by such member". Pending litigation is not automatically continued by the act. The Legislature itself has made this relief available to its lawyer members only when relief is requested. Our conclusion in this respect is buttressed by the history of the statute as it passed through the legislative process. Section 54.08, supra, originated as House Bill No. 401, Laws of 1933. The Bill as initially introduced did not contain the significant words "when motion to that effect is made by such member". These words were added by an amendment from the floor of the House, pending consideration of the Bill under a waiver of the rules. Journal of the House of Representatives, 1933, p. 91. This indicates that the problem was pointedly considered by the legislators whose attention was specifically focused upon the requirement of a motion by the amendment which was added to the original Bill. As originally introduced, Section 54.08, supra, would have been self-executing. As amended and ultimately passed it clearly was not.
By Section 54.08, supra, the cause of action in which a lawyer-legislator is engaged should be continued as a matter of law when the lawyer-legislator files a motion requesting such continuance. In the absence of such a motion, however, the litigation remains active. Inasmuch as this requirement was so pointedly included in the statute by the Legislature itself, it would be judicially presumptuous to attempt to circumvent it so long as it remains on the books.
When stripped of the claimed self-executing aspect of Section 54.08, supra, the motion for reinstatement in the instant case was obviously without merit. It was totally lacking in any showing of cause to excuse the failure to prosecute or to initiate *138 the exercise of sound judicial discretion in ordering reinstatement. We must, therefore, conclude that error was committed when the trial judge reinstated the action. Similarly, error was committed when the order was affirmed by the District Court.
We do not disregard the policy of the law to dispose of litigation on its merits rather than upon the niceties of procedural requirements. However, it is equally important that litigation proceed in an orderly fashion and expeditiously to a prompt and just conclusion. The statutes which we have discussed are aimed in that direction.
The decision under review is quashed and the cause is remanded to the District Court for further proceeding consistent herewith.
It is so ordered.
DREW, C.J., O'CONNELL and ERVIN, JJ., and WIGGINTON, District Court Judge, concur.