HENDRY, Chief Judge.
This is an interlocutory appeal by the defendant, from an order of the chancellor reinstating a suit dismissed pursuant to § 45.19, Fla.Stat., F.S.A.
Within one month after the entry of the order of dismissal for lack of prosecution, the plaintiff filed a petition for reinstatement of the suit as provided by § 45.19, supra.
*619 The petition for reinstatement asserts the following:
“COMES NOW' the Plaintiff, RUSSELL GANNON, .by and through his undersigned attorneys and files this his Motion for Reinstatement in the above styled cause for good cause and says:
“The above styled action was dismissed by Order of this Court on April 20, 1965 under Section 45.19, Florida Statutes, on the grounds that no action by any party to the cause had been taken for a period of one year prior to the date of this Order.
“That the Plaintiff did show unto the Court that on February 26, 1964 he filed his Motion to Produce certain records, books, and accounts of Mid-West Totalizer Company which the Plaintiff was reasonably informed were in the possession of the Defendant FRANK MOORE.
“That a hearing on March 4, 1964 was had on the Motion to Produce before this Court. At that time the Defendant’s counsel indicated to the Court that the Defendant did not have any such books or records requested in his possession.
“That this Court then made a ruling on the basis of the information furnished to it by defense counsel that the Defendant was not required to produce something which he did not have in his possession and suggested that we obtain the deposition of the attorney in Columbus, Ohio who supposedly had the documents requested to be examined.
“Therefore the Court denied the Motion to Produce and counsel for the Defendant indicated that he would draw the Order. Upon examination of the Court file it does not appear that there was ever an Order entered on the Motion to Produce.
“That in February of 1964 attorneys for the Plaintiff contacted Josiah- H. Blackmore, Attorney at Law, 409 Oak Street, Columbus, Ohio regarding representation of the Plaintiff in an action in Ohio against one Louis Ba-som in order that we might determine who had the records and ■ accounts in Mid-West Totalizer Company which were essential to our .action here in Florida. As Mr. Blackmore delayed until some time in April we informed Mr. Blackmore that Mr. Gannon did not desire to employ him any more as counsel as he had not proceeded to institute suit as instructed and on May 5, 1964 received correspondence from Mr. Blackmore indicating that he had withdrawn as counsel for Mr. Gannon, the Plaintiff herein. Thereafter, on May 20, 1964 attorneys for Plaintiff contacted the firm of Knepper, White, Richards and Miller, 150 East Broad Street, Columbus, Ohio concerning this same action against Louis Basom and others and on May 22, 1964 that firm indicated that they would represent Mr. Gannon in this action. Thereafter miscellaneous correspondence back and forth between counsel was had and on November 19, 1964 the 'firm of Knepper, White, Richards and Miller indicated that they had withdrawn-from representation in the matter. Thereafter the attorney Ronald P. Kauffman, 3060J4 West Broad Street, Columbus, Ohio agreed to represent the Plaintiff RUSSELL GANNON and thereafter filed an action against Louis Basom and others in February 1965 in the Court of Common 'Pleas, ’Franklin County, Ohio. :
“That discussions have been had between attorney Kauffman and counsel here in Florida concerning the taking of certain depositions • seeking certain records, books and documents that are essential to the cause of action here in Florida and that Plaintiff’s counsel are proceeding diligently under adverse *620 conditions to obtain the necessary information essential to its cause of action.
“That your plaintiff will present to the Court evidence of these actions hereinabove described.
“That Plaintiff has shown good faith in its continuation of its action based on the particulars alleged hereinabove.
“WHEREFORE Plaintiff prays that this Court enter an order reinstating the above styled cause of action for the reasons heretofore alleged.”
A hearing was had on the petition and an order reinstating the cause was entered.
There was no issue as to the facts set forth, so the question presented is whether the petition for reinstatement showed “good cause”.
The good cause necessary under the statute -to reinstate a suit dismissed for failure to prosecute must essentially be made to appear by the petition for reinstatement.[1]
 Plaintiff’s petition did not recite facts constituting good cause as contemplated and required by § 45.19 supra.[2]
Therefore, it was legally insufficient to support the order of reinstatement. Judicial discretion is not available to support a conclusion in the face of a positive rule of law to the contrary.[3]
Accordingly, the order reinstating the suit is reversed.
Reversed.

. Fort Walton Lumber & Supply Company v. Parrish, Fla.App.1962, 142 So.2d 346; Atlantic Coast Line Railroad Company v. Hill, Fla.1955, 76 So.2d 861.

. Davant v. Coachman Properties, Inc., Fla.App.1960, 118 So.2d 844, 80 A.L.R. 2d 1396; Miller v. Hartley’s, Inc., Fla.App.1957, 97 So.2d 211; Morrison v. Chambers, Fla.1955, 82 So.2d 594; Railway Exp. Agency, Inc. v. Hoagland, Fla. 1952, 62 So.2d 756; Gulf Appliance Distributors, Inc. v. Long, Fla.1951, 53 So. 2d 706.

. Little v. Sullivan, Fla.1965, 173 So.2d 135.