201 So.2d 890 (1967)
A.B.C. BUSINESS FORMS, INC., a Florida Corporation, Petitioner,
v.
The Honorable Harold B. SPAET, Judge of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Respondent.
No. 36344.
Supreme Court of Florida.
July 19, 1967.
Rehearing Denied September 18, 1967.
*891 Forney B. Stafford, Paul A. Louis, Fay L. Becker, Paul Siegel, Sinclair, Barfield & Louis and Milton M. Ferrell, Miami, for petitioner.
Earl Faircloth, Atty. Gen., Edward D. Cowart and W.E. Bishop, Jr., Asst. Attys. Gen., for respondent.
CALDWELL, Justice.
We have this cause on petition for writ of mandamus.
Petitioner, on March 24, 1967, sought injunctive relief against United Business Forms, Inc., and certain of its employees and subscribers of corporate stock, including respondent Featherstone, a director and attorney for the corporation and a member of the Florida Legislature. Respondent Featherstone, after notice of the emergency hearing on application for temporary restraining order, filed, on April 14, 1967, a motion for continuance pursuant to Florida Statute § 11.111, F.S.A.[1]
At the hearing, held April 14, the trial judge ruled F.S. § 11.111, F.S.A., as construed in the Brooks case,[2] left him without discretion to grant temporary injunction. Judge Spaet said the statute operated very harshly in this cause in which there was showing of irreparable damage entitling the plaintiff to emergency injunctive relief but that the statute prevented his taking action.
This court in Brooks, supra, held the Act "is not only reasonable but necessary to the proper functioning of the Legislature."[3] We later[4] acknowledged the rule in Brooks and, in this cause, we accept the constitutionality of the Act insofar as it relates to non-emergency litigation.
Our problem here is whether the Act is constitutional as applied to the facts sub judice. Obviously, the demands upon the *892 Florida Legislature are no longer satisfied, as was the case when Brooks was written, by "a short 60-day period every two years".[5] We take judicial notice that the Florida Legislature is now sitting in its third session this year. A further distinction between this cause and the Brooks and Sullivan cases is that here there is a showing of irreparable damage suffered by reason of the continuance.
It is of interest that in Brooks we relied somewhat upon construction of a similar Act by the Supreme Court of Illinois[6] but that, more recently, the Illinois court receded and denied a motion for continuance by a Legislator-attorney, holding:[7]
"* * * It is not within the power of the Legislature to exclude from the courts that which proves the truth of the case nor to compel them to receive that which is false in character. It cannot direct what orders shall be entered by the court in pending actions. It may enact statutes which affect pending actions, but the application of a statute to a particular case is a judicial function, and the determination of what order shall be entered in such a case is the exercise of judicial power which does not belong to the Legislature. (Authorities Omitted).
* * * * * *
"The statute upon which appellant relies is intended as a shield to prevent a miscarriage of justice * * * [i]t is not intended as a sword to be used to delay the administration of justice. * * *"
As was so ably stated in Brooks, neither of the three co-ordinate branches of government should encroach upon the powers and duties of the other and the courts should support the legislative attempt to assure the presence of its membership unless the legislative enactment is a clear invasion of the judicial field. Generally, in non-emergency cases F.S. § 11.111, F.S.A. is constitutional and should be liberally construed. But, as to litigation involving emergency relief and irreparable damage, we find the statute an invasion of the judicial field and violative of constitutional prohibition.[8] To that extent, we qualify the fair inference of Brooks and Sullivan. As a right guaranteed by the Constitution, the courts must be open to every person for relief against injury. Whether, in a given cause, the litigant may suffer irreparable injury in the application of the statute is one of sound judicial discretion, not subject to legislative control.
The alternative writ is made permanent and the respondent is directed to vacate his order of continuance herein, grant rehearing upon said motion, exercise his judicial discretion and, thereafter, proceed as advised.
O'CONNELL, C.J., and ROBERTS, THORNAL and ERVIN, JJ., concur.
THOMAS, J., agrees to issuance of peremptory writ.
NOTES
[1] Fla. Stat. § 11.111, F.S.A.  "[c]ontinuance of certain causes for term of legislature and period of time prior thereto and subsequent thereto.  All pending litigation before the courts of this state shall stand continued during any session of the legislature and for a period of time fifteen days prior to any session of the legislature and fifteen days subsequent to the conclusion of any session of the legislature where either attorneys representing the litigants are members of the legislature, when motion to that effect is made by such member."
[2] Brooks v. Pan American Loan Co., 65 So.2d 481 (Fla. 1953).
[3] Id. at 483.
[4] Little v. Sullivan, 173 So.2d 135 (Fla. 1965).
[5] Brooks v. Pan American Loan Co., 65 So.2d 481, 483 (Fla. 1953).
[6] Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372, 36 N.E. 88 (1894).
[7] Johnson v. Theodoron, 324 Ill. 543, 548, 155 N.E. 481, 483, 484 (1927).
[8] Ex parte Wise, 141 Fla. 222, 192 So. 872 (1940).