205 So.2d 695 (1968)
Gerald LAUG and Kenneth W. London, Appellants,
v.
John MURPHY, Appellee.
No. 781.
District Court of Appeal of Florida. Fourth District.
January 17, 1968.
*696 James E. Edwards, Fort Lauderdale, for appellants.
John D. Kruse, Fort Lauderdale, for appellee.
WALDEN, Chief Judge.
Defendants appeal a final judgment in favor of plaintiff, John Murphy.
Murphy first filed his suit in 1961. On November 12, 1963, the court denied plaintiff's motion for summary judgment. Nothing further was done in the case throughout all of 1964, and on January 19, 1965, the court dismissed the case for want of prosecution pursuant to F.S. 1963, Section 45.19 (1), F.S.A.[1]
Within 30 days plaintiff filed an unsworn petition for reinstatement which alleged:
"1. The parties have brought this cause to the point to be set for trial.
"2. The case has not been settled.
"3. The summary dismissal of this suit will cause a severe hardship against the plaintiff.
"4. The parties have been negotiating through their attorneys in an effort to settle the differences on various occasions, but to date have not come to a satisfactory settlement."
*697 The trial court reinstated the case, which then proceeded to trial. Judgment was entered against defendants for $4,312.50 and against defendant London for $1,915.32. We reverse.
Certainly the standard of "good cause" required for reinstatement under Section 45.19 requires the exercise of sound judicial discretion. But this is not an arbitrary or unrestrained discretion.[2]
The necessary good cause must appear by the petition for reinstatement,[3] and must be established by evidentiary support.[4]
Neither the fact that a case is ready to be set for trial,[5] the fact that the dismissal will cause severe hardship,[6] nor the fact that the parties have unsuccessfully negotiated for settlement,[7] constitutes good cause for reinstatement within the intendment of F.S. 1963, Section 45.19(1), F.S.A. Further, the remaining allegation that the case has not been settled is non persuasive as such is the status of every dismissed case where reinstatement is sought.
Thus, we hold that plaintiff's grounds for reinstatement are insufficient as a matter of law and that the trial court abused its discretion in reinstating this cause.[8] Accordingly, the judgment in favor of plaintiff is reversed with instructions to the trial court to dismiss this case.
Reversed.
McCAIN and REED, JJ., concur.
NOTES
[1] "All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12:00 noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal."
[2] Little v. Sullivan, Fla. 1965, 173 So.2d 135.
[3] Moore v. Gannon, Fla.App. 1965, 178 So.2d 618; Fort Walton Lumber & Supply Co. v. Parish, Fla.App. 1962, 142 So.2d 346.
[4] Little v. Sullivan, Fla. 1965, 173 So.2d 135.
[5] The dismissal of a case already set for trial was upheld in Davant v. Coachman Properties, Fla.App. 1960, 118 So.2d 844, 80 A.L.R.2d 1396, and in Beck v. Humkey, Fla.App. 1962, 146 So.2d 613.
[6] In Reilly v. Fuss, Fla.App. 1964, 170 So.2d 475, dismissal of a death action by a widow with two small children was upheld, though the trial court noted it "would reinstate the cause if it could find any authority for doing so."
[7] Fort Walton Lumber & Supply Co. v. Parish, supra.
[8] See Landfield v. Sherman, Fla.App. 1967, 201 So.2d 819; Conklin v. Boyd, Fla.App. 1966, 189 So.2d 401; Moore v. Gannon, supra; and Little v. Sullivan, supra, for recent examples of reinstatement orders which were reversed as abuses of discretion.