WIGGINTON, Chief Judge.
Appellant has appealed a final judgment in favor of appellees predicated upon an order denying appellant’s motion to reinstate the cause which had theretofore been dismissed for failure to prosecute pursuant to Rule 1.420(e), R.C.P., 30 F.S.A.
This is a personal injury action in which appellant seeks damages suffered as a result of appellees’ alleged negligence. The cause became at issue upon the complaint, answer, and reply to interrogatories propounded to appellant. No action was taken by appellant in the prosecution of the cause for a period of more than one year. Upon motion of appellees, the cause was dismissed for failure of appellant to prosecute.[1]
Within the time permitted by the rule appellant filed his motion to reinstate the cause, which motion was supported by his own affidavit, that of his employer, and his attorney. The import of the proof submitted by appellant in support of his motion is that at all times during the one-year period when his cause of action was at issue and ready for trial he was busily engaged in the course of his employment at various job sites throughout the southeastern region of the United States, his duties requiring him to work on each business day of the week, including Saturdays. Appellant’s. attorney attested that on one occasion, the date not specified, he requested one of the circuit judges sounding the civil docket to set this case for trial, which request was not complied with. There is no showing in appellant’s proof that despite the continuous demands made upon his time in discharging the duties of his employment that he was unable, because of reasons beyond his control, to attend a trial of the cause had the trial date been set and he notified. There is likewise no showing in the proof that appellant’s counsel complied with the local rules of court regarding the filing of a pretrial order as a necessary prerequisite to having the case placed on the docket for trial.
It is the established law of this state that one seeking reversal of a trial court’s order denying reinstatement of a cause which has been dismissed for lack of prosecution carries a heavy burden demonstrating that under the facts adduced by the evidence the trial court abused its discretion, which discretion will not be lightly - disturbed.[2]
It is equally established that one whose case has been dismissed for failure to prosecute is entitled to reinstatement only upon a showing of good cause as that term has been construed by the decisional law of this state. Merely because a litigant is busily engaged in personal pursuits unrelated to the cause of action instituted by him in a court of Florida, or otherwise finds it inconvenient to give to his cause of action that attention necessary to progress it in an orderly manner to a final conclusion, does not constitute good or legal cause for failure to prosecute, nor does it justify reinstatement.[3]
*59 Appellant having failed to demonstrate an abuse of discretion by the trial court in denying its motion for reinstatement, the final judgment predicated upon the order of denial is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Rule 1.420(e), R.C.P.
“Failure to Prosecute. All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that th'e same is being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order of dismissal.”

. Little v. Sullivan (Fla.1965), 173 So.2d 135; Adams Engineering Company v. Construction Products Corporation (Fla.1963), 156 So.2d 497.

. Allen v. Gaither (Fla.App.1959), 112 So.2d 855; Schreyer v. Liniado (Fla.App.1958), 100 So.2d 199; Miller v. Hartley’s, Inc. (Fla.App.1957), 97 So.2d 211; Railway Express Agency v. Hoagland (Fla.1952), 62 So.2d 756.