227 So.2d 548 (1969)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Nelia MORENO, a Widow, Appellee.
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Robert R. GILBERT, As Administrator of the Estate of Angel Moreno, Deceased, Appellee.
Nos. 69-542, 69-541.
District Court of Appeal of Florida. Third District.
October 28, 1969.
Rehearing Denied November 21, 1969.
*549 Fowler, White, Collins, Gillen, Humkey & Trenam and A. Blackwell Stieglitz, Miami, for appellant.
Weiner & Rubin, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
PEARSON, Chief Judge.
These interlocutory appeals are from identical orders in two separate suits. They involve the same point of law and were consolidated for all appellate purposes. Each order denied the defendant-appellant's motion to dismiss the cause pursuant to Rule 1.420(e), Florida Rules of Civil Procedure, 30 F.S.A., for failure to Prosecute.
The order recited:
"* * * that the defendant DADE COUNTY'S Motion to Dismiss be, and the same is, hereby denied upon the express finding of this Court that good cause has been shown by the plaintiffs why this cause should not be dismissed, to-wit, the Statute of Limitations on the claim has run and a dismissal under the provisions of this Rule would bar the plaintiffs' claim."
The ground assigned has been held insufficient as good cause for reinstatement of actions dismissed for lack of prosecution under § 45.19(1), Fla. Stat. Davant v. Coachman Properties, Inc., Fla.App. 1960, 118 So.2d 844, 846, 80 A.L.R.2d 1396. And in Laug v. Murphy, Fla.App. 1968, 205 So.2d 695, 697, the court held:
* * * * * *
"Neither the fact that a case is ready to be set for trial, the fact that the dismissal will cause severe hardship, nor the fact that the parties have unsuccessfully negotiated for settlement, constitutes good cause for reinstatement within the intendment of F.S. 1963, Section 45.19(1), F.S.A." (Footnotes omitted.)
Although Rule 1.420(e) has superseded § 45.19(1) and provides for a slightly different practice upon the presentation of a motion to dismiss for lack of prosecution, the prior opinions are persuasive as to the meaning of the terms employed. Cf. State ex rel. Avery v. Williams, Fla.App. 1969, 222 So.2d 477. We therefore hold that good cause is not shown by a sworn statement that the statute of limitations on the claim has run and that upon dismissal the statute would bar the plaintiff's claim.
We have examined appellee's affidavit in opposition to the motion to dismiss for other allegations which might constitute *550 good cause for sustaining the denial of the motion to dismiss. None of the allegations recited would constitute the requisite good cause. Cf. Moore v. Gannon, Fla.App. 1965, 178 So.2d 618.
Therefore the orders denying appellant's motions to dismiss are reversed and the cause remanded with directions to dismiss the causes pursuant to Rule 1.420(e), Florida Rules of Civil Procedure.
Reversed and remanded.