PIERCE, Chief Judge.
This is an interlocutory appeal by appellant Rupert J. Lindquist, defendant below, from an order denying his motion to dismiss for failure of appellee, Merilyn Williams, plaintiff below, to prosecute her case for over one year.
The suit was originally begun in the Pi-nellas County Circuit Court in an action brought by Williams against Lindquist. During the progress of the action Williams, on July 22, 1970, filed and served upon Lindquist a request for admissions under the applicable Florida Rules of Civil Procedure. No further progress was made in the case until August 9, 1971, on which date Lindquist filed his motion for dismissal of the cause for failure to prosecute within the one year period, and on the same day filed and served his notice of hearing on the motion to dismiss. On the following day, August 10, 1971, Williams filed and served upon Lindquist her motion that the case “be set for jury trial”. On September 10, 1971, the Court entered order finding that Williams- had filed her motion for trial subsequent to Lindquist’s motion for dismissal but prior to hearing upon Lindquist’s said motion for dismissal. The Court in its order then construed Williams’ motion for trial “as showing good cause why the . . . action should not be dismissed”, whereupon the motion for dismissal for lack of prosecution was denied. It is from this order of denial that Lindquist appeals. In our opinion the Court was in error in denying the motion for dismissal, and therefore reverse.
R.C.P. 1.420(e), 30 F.S.A., as amended effective October 1, 1968, provides:
“(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.”
The above rule 1.420(e) is substantially the same as F.S. § 45.19(1) F.S.A. which it superseded. But as observed by the 3rd District Court in Dade County v. Moreno, Fla.App.1969, 227 So.2d 548:
“Although Rule 1.420(e) has superseded § 45.19(1) and provides for a slightly *900 different practice upon the presentation of a motion to dismiss for lack of prosecution, the prior opinions are persuasive as to the meaning of the terms employed.”
Thus, as stated by the 4th District Court in Laug v. Murphy, Fla.App.1968, 205 So.2d 695:
“Certainly the standard of ‘good cause’ required for reinstatement under Section 45.19 requires the exercise of sound judicial discretion. But this is not an arbitrary or unrestrained discretion.
The necessary good cause must appear by the petition for reinstatement, and must be established by evidentiary support.
Neither the fact that a case is ready to be set for trial, the fact that the dismissal will cause severe hardship, nor the fact that the parties have unsuccessfully negotiated for settlement, constitutes good cause for reinstatement within the intendment of F.S.1963, Section 45.-19(1), F.S.A.”
Accord: Little v. Sullivan, Fla.1965, 173 So.2d 135; Fort Walton Lumber & Supply Co. v. Parish, Fla.App.1962, 142 So.2d 346; Moore v. Gannon, Fla.App.1965, 178 So.2d 618; cf. Eastern Elevator, Inc. v. Page, 263 So.2d 218, Supreme Court opinion filed May 10, 1972.
Dismissal of a cause for failure to prosecute within the requisite time, and refusal to reinstate, even though the case had already been previously set for trial, was upheld in Davant v. Coachman Properties, Fla.App.1960, 118 So.2d 844, 80 A.L.R.2d 1396; Beck v. Humkey, Fla.App.1962, 146 So.2d 613.
If the foregoing law is applicable to the case at bar, and we hold it is, certainly the holding of the lower Court that it had “construed [Williams’] motion to set case for jury trial as showing good cause why the . . . action should not be dismissed” was error.
Accordingly it follows that the interlocutory order appealed from denying Lind-quist’s motion for dismissal should be reversed.
It is so ordered.
LILES and MANN, JJ., concur.