PER CURIAM.
This action was properly dismissed for lack oif prosecution under F.R.C.P. 1.-420(e). Plaintiffs did not appear at the hearing and did not show good cause in writing why the action should remain pending at least five days prior to the hearing.
Thereafter, plaintiffs moved, with an unverified pleading, to set aside the order and dismissal saying that while the notice of hearing was received by plaintiffs’ law firm, the particular lawyer handling the case did not receive it due to the fact that he was busy at that time concluding his practice and due to possible clerical error.
The trial court reinstated the cause without evidence or testimony being taken. Defendants appeal. We reverse.
At no time have plaintiffs shown good cause in writing under F.R.C.P. 1.420(e) “why the action should remain pending.” Their motion to set aside the dismissal was, at best, a questionable excuse for not appearing at the hearing on defendants’ motion to dismiss so as to entitle the matter to be re-heard. However, there has been, as said, a total failure to show good cause as to why the action should remain pending as contemplated and as required with reference to the one year period of inactivity by F.R.C.P. 1.420(e), e. g. Barrentine v. Vulcan Materials Company, 216 So.2d 57 (1st DCA Fla.App.1st 1968); Laug v. Murphy, 205 So.2d 695 (Fla.App. 4th 1968).
REVERSED AND REMANDED with instructions to dismiss the cause for lack of prosecution.
REVERSED AND REMANDED.
WALDEN, C. J., and CROSS and MA-GER, JJ., concur.