PER CURIAM.
The post-judgment order under review in this marriage dissolution action is reversed upon a holding that the trial court erred in denying the appellant Susan Kabick’s- motion for continuance filed by her counsel Roberta Fox — who was then and still is a duly elected member of the Florida Senate — and the cause is remanded to the trial court for a new hearing on the post-judgment motions filed herein based on the authority of Section 11.111, Florida Statutes (1983).
The above motion for continuance alleged — and it is undisputed on this record— that Senator Fox was unable to attend the hearing set for the post-judgment motions as she was required to be in Tallahassee, Florida, attending a session of the Florida Legislature. The motion requested that a new hearing be set pursuant to Section 11.111, Florida Statutes (1983), at a date subsequent to the 1985 Florida legislative session. The trial court denied the motion for continuance, heard the various post-judgment motions in the absence of both the appellant and her counsel, and entered the order under review. This order denies a post-judgment motion filed by appellant to vacate the final judgment of marriage dissolution, awards attorney’s fees and costs to the appellee Steven Kabick, and awards monthly child support payments to the appellee Steven Kabick.
The trial court subsequently heard a motion to vacate the above order and orally granted same on the ground that the court had previously erred in denying the motion for continuance inasmuch as (a) Section 11.111, Florida Statutes (1983), required that the motion be granted, and (b) the matters before it were not of an emergency nature. Compare A.B.C. Business Forms v. Spaet, 201 So.2d 890 (Fla.1967). Before entering a written order to this effect, however, the trial judge sua sponte recused himself and the successor judge declined to set aside the order appealed from. Based on these circumstances, it is clear beyond any dispute that the order appealed from must be reversed and the cause remanded to the trial court for a new hearing on the post-judgment motions filed herein. By the trial court’s own admission, the appellant’s above-stated motion for continuance should have been granted based on the authority of Section 11.111, Florida Statutes (1983). See Little v. Sullivan, 173 So.2d 135 (Fla.1965).
Reversed and remanded.