PIERCE, Judge.
Appellants were defendants in the lower Court and appellees were plaintiffs. They will be referred to as they were in the Court below. Defendants appeal from a final decree entered by the Manatee County Circuit Court finding and adjudging that certain restrictions of record in connection with development of a subdivision were void and unenforceable and that plaintiffs and others in the same class were not obligated thereby.
Plaintiffs brought the action as a declaratory decree suit, challenging validity of certain recorded covenants contained in deed restrictions covering the Bayshore Gardens development in Manatee County. The restrictions in question had to do with erection and maintenance of a certain “Recreation Center”, for which there was imposed upon all lot owners an assessment and lien to defray the costs thereof. The beneficial use and enjoyment of the facilities of the center was extended to all immediate grantees of the developers but could be withheld from all subsequent grantees unless the developers saw fit to extend such privileges to them; notwithstanding, such subsequent grantees were subject to payment of the assessments. The foregoing constitutes the objectionable crux of the restrictions, although there permeates throughout the extended recital of the restrictions of record a detailed strain of reserved powers and privileges which are broadly slanted in favor of the developers.
The defendant developers answered, admitting the restrictions complained of, but contended generally that they had not abused their reserved privileges, that plaintiffs as purchasers of lots in the subdivision were estopped to deny the validity thereof, that they purchased their lots with notice and knowledge of the restrictions, and had agreed to be bound by the terms and conditions thereof by acceptance of their respective deeds.
Defendants incorporated a counterclaim in their answer, asking foreclosure of liens against some of the plaintiffs for failure to pay the assessments in question.
On September 28, 1964, the defendants filed motion to dismiss the suit because of failure of plaintiffs to diligently prosecute the same as required by the statute. The motion alleged that the case had been at issue for more than one year last past but had not been set for trial, nor had any motion or praecipe been directed to the Clerk of the Court for placing the case on the trial docket, that the last document filed in the case was the answer of one of the named defendants on September 25, 1963, and that there had been “no activity of any type or nature on the part of the plaintiffs” since said time. The Court denied the motion without stating any reason.
Testimony was taken and exhibits offered upon the issues joined, resulting in a final decree being entered on January 21, 1966, finding for the plaintiffs and holding the restrictions in question to be void and unenforceable and plaintiffs not obligated thereby. Numerous errors are assigned, including the chancellor’s decision on the merits, and certain rulings made during the trial on admission of evidence. Error is also assigned to the Court’s denial of defendants’ motion to dismiss for lack of prosecution, and it is this ruling of the Court which must govern disposition of this appeal. We regret we are unable to reach the real merits of the case. Adherence to Supreme Court mandates impel us to hold the chancellor to be in error in denying the motion.
The record filed here discloses that the original complaint was filed on December 26, 1961, answer on behalf of all defendants except one was filed on February 25, 1963 *484 (or fourteen months after filing of complaint), motion to strike a counterclaim of defendant was filed on February 27, 1963, and an order on such motion entered and filed on June 8, 1963. While the record does not otherwise affirmatively disclose it, the motion to dismiss recites that "the last document filed” prior to the motion to dismiss was an answer of one of the defendants, which was on September 25, 1963. Thus, accepting the recital in the motion to dismiss as authentic, there had been a time lapse of over one year before filing of the motion, during which there had been no progress or action taken in the cause. Further, as before indicated, there had been a previous time lapse of a year and two months after the complaint was first filed before any answer thereto was filed by any of the defendants.
F.S. Sec. 45.19, F.S.A., provides as follows:
“All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12:00 noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall he deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal.” (Emphasis supplied).
It will be noted that said section is actually in two parts: first, the provision for dismissal for lack of prosecution, and secondly, provision for reinstatement of the cause upon certain conditions. We are only interested here in the first provision, namely, dismissal of the cause. It will be noted that this portion of the statute is couched in mandatory terms: “shall be deemed abated”; "shall be dismissed”.
The controlling case interpreting this statute is Little v. Sullivan, Fla.1965, 173 So.2d 135. In that case the trial Court had upon motion dismissed the suit for failure to prosecute under F.S. Sec. 45.19, F.S.A., but had reinstated the case under the provisions of F.S. Sec. 54.08, F.S.A. This latter section provides in effect for suspension of litigation during a session of the legislature and for 15 days before and after the session, when an attorney involved in the litigation is a member of the legislature and motion therefor is made by the member involved. The trial Court took the position that the only essential for activation of Sec. 54.08 was the mere filing of such motion under Sec. 45.19 without any other reason. The 3rd District Court affirmed, holding that such motion itself was in effect “good cause” for reinstatement under the second portion of Sec. 45.-19. The Supreme Court reversed, holding that Sec. 54.08 was not self-executing even though the attorney involved was a member of the legislature. It was held that when a motion for reinstatement is filed under Sec. 45.19, good cause would have to be shown beyond the mere fact of the legislature being in session, and that the trial Court must exercise “a sound judicial discretion” in determining the statutory standard of “good cause”.
But while Little v. Sullivan dealt mainly with Sec. 54.08 and the second portion of Sec. 45.19 referring to reinstatement, it did deal to some extent with the first portion of Sec. 45.19 relative to dismissal for lack of prosecution. And the extent to which Chief Justice Thornal discussed that first portion in Little v. Sullivan leaves no doubt as to what the law now is in this State as to dismissal for lack of prosecution. In the course of the opinion (text 173 So.2d 136), the Supreme Court said:
“The cited statute [Sec. 45.19] is obviously intended to promote the expedí- *485 tious disposition of litigation. It contains two basic component elements. It provides for dismissal upon inaction for a year showing a lack of prosecution for that period. It further provides for reinstatement after dismissal ‘upon good cause shown’ by petition filed within one month.
In regard to dismissal, the requirements of the statute are mandatory if it is demonstrated to the court that no action towards prosecution has been taken within a year. The trial judge has no discretion in the enforcement of this aspect of the statute. When the essential inaction is established, dismissal necessarily follows. May v. State ex rel. Ervin, Fla., 96 So.2d 126; Adams Engineering Co. v. Construction Products Corp., Fla., 156 So.2d 497.” (Emphasis supplied).
See also Atlantic Coast Line Railroad Co., a corp. v. Hill, Fla.1955, 76 So.2d 861.
In the case sub judice the motion to dismiss was direct and to the point. It affirmatively alleged that there had been “no activity of any type or nature” nor any “document filed” since September 25, 1963, prior to the date of filing the motion, which was on September 28, 1964. The motion further alleged that the case had been “at issue for more than one year but has not been set for trial, nor has a praecipe been directed to the Clerk of the Court for setting the matter on the docket”. So under the averments of the motion and the mandatory provisions of the applicable portion of Sec. 45.19, the trial Court had no alternative but to grant the motion and dismiss the suit. Whatever happened thereafter, upon a possible petition for reinstatement, would necessarily stand on its own footing, and would be governed by the “sound discretionary rule” laid down in Little v. Sullivan.
But the plaintiffs argue that there must be an “evidentiary showing” before the Court to warrant a dismissal of the cause. Several answers to such contention readily suggest themselves.
It is true that the motion to dismiss for lack of prosecution was not verified, fund it may also be assumed to be true that no certificate from the Circuit Clerk was filed or presented to the Judge formally authenticating the averments of the motion. But why was this so necessary? The Clerk was certainly what his title proclaimed, namely, “the Clerk of the Court”. And it would be somewhat obtuse and doltish to say that a trial Judge must depend upon a written certificate from his own Clerk as to what the records of his own Court discloses. And in this connection we must not be confused or diverted by any argument that the Judge’s order denying the motion implied a finding contrary to the averments of the motion. We are here dealing with a fact — a demonstrable fact. The Judge’s order was actually his considered conclusion on a legal question, the applicability of Sec. 45.19. If the facts had been otherwise than as alleged in the motion, the order would have bristled with findings or recitals to the contrary.
It is inescapable that if the last document filed or proceedings had in the cause had not been on September 25, 1963, as alleged in the motion, such would have been amply demonstrated to the Judge and his order of denial would have affirmatively SO' shown. The defendants would have been tripping over their own feet rushing to the hearing with abundant documentary evidence contradicting such averments. Also there would have been cross-directions to the Clerk on this appeal to include in the record filed here a copy of any such documents so filed during the interval involved. As a matter of fact, the good faith or accuracy of such averments has never been challenged or denied at any Court level.
There are even more cogent reasons why the argument of “evidentiary showing” must fail. Rule 1.5(a) of the Florida Rules of Civil Procedure, 30 F.S.A., provides the following:
“Pleadings to be Signed by Attorney. Every pleading of a party represented by an attorney shall be signed by at least *486 one attorney of record in his individual name, whose address shall be stated and who shall be duly licensed to practice law in Florida, and he may be required by an order of court to vouch for his authority to represent and give the address of such party. Except when otherwise specifically provided by these Rules, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served.” (Emphasis supplied).
The motion to dismiss was signed in the handwriting of “Robert L. Scott” followed by the typewritten language “of Dye & Dye Attorneys for the above named Defendants P.O. Box 2480, Bradenton, Florida”.
Rule 11, Federal Rules of Civil Procedure, is the federal rule comparable to our rule 1.5, and, referring to said Rule 11, the New Jersey Federal Court, in Franzen v. E. I. Du Pont De Nemours & Co., D.C.N.J. 1941, 36 F.Supp. 375, held that “[u]nder this rule verification is the exception and not the rule and Rule 11 only requires the signing of all pleadings.”
Lastly, if there even be a “burden of proof” in this matter, it would seemingly be on the plaintiffs to demonstrate that there had been procedural activity within the year prior to filing of the motion. This is so because Sec. 45.19, the statute here involved, states that “[a] 11 actions * * * in which there shall not affirmatively appear from some action taken * * * ” within the previous year shall be deemed abated, etc. When the lack of prosecution of the cause was presented to thé Court by defendants in their motion to dismiss, it then became incumbent upon plaintiffs, as the party moved against, to make some affirmative showing that something had been done. No such showing was made, either in the trial Court or in this Court.
The real gist of plaintiffs’ position in the matter is disclosed in their brief here in the following language:
“In as much (sic) as the subject matter of the original action is a declaratory decree and not a cause of action which would therefore be subject to a statute of limitations nothing would be achieved by such a dismissal since a new action could be instituted and an adjudication of the invalidity of the restrictions could ultimately be obtained.”
But this argument ignores the clear commands of Little v. Sullivan that “the requirements of the statute are mandatory”. And the closing paragraph of Justice Thornal’s opinion in that case touches obliquely upon such contention in the following observation (text 173 So.2d 138) :
“We do not disregard the policy of the law to dispose of litigation on its merits rather than upon the niceties of procedural requirements. However, it is equally important that litigation proceed in an orderly fashion and expeditiously to a prompt and just conclusion. The statutes which we have discussed are aimed in that direction.”
To ignore the plain terms of Sec. 45.19 would be to figuratively wipe the statute off the books, and incidentally wipe Little v. Sullivan also off the books. We do not feel we have the power, and we certainly are not so disposed, to do either.
For the error pointed out, it follows that the final decree appealed from must be, and is, reversed.
Reversed and remanded.
ALLEN, C. J., and LILES, J., concur.