SHANNON, Judge.
Appellants (defendants in the lower court) have filed this interlocutory appeal from an order which denied their motion to dismiss. Plaintiff instituted suit in November, 1962. Several motions were filed attacking the sufficiency of the original complaint and in January, 1964, an amended complaint was filed. Again motions attacking the sufficiency thereof were filed on behalf of the defendants.
An interlocutory appeal was taken from the entry of a certain order entered in April, 1964, wherein the parties, through their counsel, entered into a stipulation for settlement of the cause. Plaintiff Bursten objected to the order approving the settlement *327 and an appeal by Bursten resulted m reversal of the order by mandate of this court, dated July 20, 1965. On July 22, 1965, an order was entered in the circuit court pursuant to this mandate. The entry of this order was the last item in the court’s file prior to the motion for substitution.
On June 23, 1966, William J. Goldwom, as trustee, filed a motion for substitution as party plaintiff in the pending litigation. Defendants filed a motion to dismiss the suit for want of prosecution pursuant to Fla.Stat., Sec. 45.19 F.S.A. (1965). The lower court entered an order which granted plaintiff’s motion for substitution and denied defendants’ motion to dismiss. Subsequently the defendants filed this appeal.
Fla.Stat., Sec. 45.19, F.S.A., provides in part that an action shall be deemed abated for want of prosecution and shall be dismissed when “there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one year * * The requirements of the statute are mandatory in regard to dismissal if it is demonstrated to the court that no action toward prosecution has been taken within a year. Newman v. Bennefeld, Fla.App.1967, 193 So.2d 482; and Little v. Sullivan, Fla.1965, 173 So.2d 135.
In the case presently being appealed the plaintiffs filed a motion for the substitution of a different trustee as party plaintiff. This motion constituted action taken toward the prosecution of the cause, so the trial court was correct in denying the motion to dismiss for lack of prosecution. See also Adams Engineering Company v. Construction Products Corporation, Fla.1963, 156 So.2d 497. We realize that this procedure could be used as a device to extend litigation over a period of many years, so we wish to limit the holding of this case to a situation, such as is present here, where there is no sufficient showing that the motion for substitution was filed as an abuse of Fla.Stat., Sec. 45.19, F.S.A.
Finding no error in the record, the order of the lower court is affirmed.
Affirmed.
ALLEN, C. J., and HOBSON, J., concur.