WALDEN, Chief Judge.
Plaintiffs, Charles H. Leithauser and George H. Leithauser et al., appeal from nineteen final judgments in favor of defendants, John H. Harrison et al. The judgments were entered following an order dismissing the cases for lack of prosecution pursuant to F.R.C.P. 1.35(e), now rule 1.420(e), 30 F.S.A.
Plaintiffs brought suit under the Blue Sky law. In their answer, defendants raised the affirmative defense of the two-year statute of limitations. Plaintiffs’ reply alleged that fraudulent conduct by defendants had tolled the running of the statute.
Defendants moved to strike the reply. By an order dated February 18, 1965, but filed February 23, 1965, the trial court granted defendants’ motion. Then nothing.
More than one year later, on February 25, 1966, defendants moved to dismiss for lack of prosecution. This motion was granted on May 9, 1966.
Plaintiffs moved for reinstatement, but their motion was denied on May 23, 1966.
Plaintiffs then filed a motion styled “Motion for Reconsideration,” directed at the orders of May 9, 1966, and May 23, 1966. This motion noted for the first time that the order of February 18, 1965, had not been filed until February 23, 1965, and contained no certificate of service. Plaintiffs contended that if the order of February 23, 1965, was served by mail, then three days must be added to the one year of inaction referred to in rule 1.420(e) extending the period to February 26, 1966. Thus, the motion for dismissal filed on February 25, 1966, was premature.
This contention was rejected by the trial court which found:
“ * * * The Court can not, and does not, adopt this conclusion. The Order filed February 23, 1965, was not a notice, other paper, or Order which required the Plaintiffs to do some act or take some proceeding, as defined by Rule 1.6(e) to add an additional three days.
“The last proceeding before this Court in which the Plaintiffs participated was February 18, 1965. The Order in connection therewith was filed for a period more than a year prior to the filing of the Motion to Dismiss. It is, and was, patent and clear to this Court from the record that for more than one year no action was taken by filing pleadings, Order of the Court, or otherwise to indicate that the same was being prosecuted by the Plaintiffs. * * * ”
We affirm.
Rule 1.6(e) referred to above, now rule 1.090(e), reads:
“(e) Additional Time After Service by Mail. When a party has the right or is required to do some act or take some *224 proceeding' within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.”
Plaintiffs would argue that subsequent to the order of February 23, 1965, even if they were not required to do some act, they nevertheless had the “ ‘right * * * to do some act or take some proceeding within a prescribed period * * * ’ ” i. e., the right to do any act before one year of inactivity made their case subject to dismissal.
We think such an interpretation of rule 1.090(e) does violence to its purpose. Whether the subsequent act is mandatory or permissive, done by requirement or of right, rule 1.090(e) clearly contemplates that such act be responsive to the prior order. So it is with all of the instances cited by plaintiffs in their brief. Each involves a subsequent act which follows from the prior order. For example:
“ * * * a party whose motion to^ dismiss a complaint is denied has 10 days after notice of the court’s action in which to file his responsive pleading.”
We hold that the order filed February 23, 1965, striking plaintiffs’ replies to defendants’ affirmative defense, was not such a notice or other paper which either required or gave the right to plaintiff to do some act within a prescribed period of time within the meaning of rule 1.090(e).
There is yet another reason why we must affirm the action of the trial court. When defendants filed their motion to dismiss for lack of prosecution, the record clearly indicated no action from February 23, 1965, to February 25, 1966.
“ * * * if there even be a ‘burden of proof’ in this matter, it would seemingly be on the plaintiffs to demonstrate that there had been procedural activity within the year prior to filing of the motion. * * * When the lack of prosecution of the cause was presented to the Court by defendants in their motion to dismiss, it then became incumbent upon plaintiffs, as the party moved against, to make some affirmative showing that something had been done. * * * ”[1]
Plaintiffs have made no such affirmative showing, either at the hearing on the motion to dismiss, the hearing on reinstatement or the hearing on their “Motion for Reconsideration.” At best, they have urged that the February 23, 1965, order was probably served by mail; they have not shown that it was so served. There has been no allegation that the order was not in fact hand delivered and received on the 23rd or 24th of February, 1965. In short, they have not met the burden which was theirs in meeting the motion to dismiss for lack of prosecution.
In addition, though we do not base our decision on this point, we are somewhat mystified at the procedure employed by plaintiffs to afford them three opportunities at the trial level to contest the dismissal of their suit for want of prosecution.
On a motion to dismiss for lack of prosecution, the issue is simply and exclusively whether there has been a failure to prosecute. If no action towards prosecution has been taken within a year, the trial judge may not exercise his discretion and must dismiss the cause.[2]
On the motion for reinstatement the issue is distinctly different: does there exist good cause why the inaction for one year should be excused, and the suit reinstated ?
But plaintiffs have not been content to appeal a final judgment following a denial of their petition for reinstatement. Instead, they filed a “Motion for Reconsideration.” At the hearing on this motion, *225 as at the two previous hearings, the issue argued by plaintiffs was whether one year of inactivity had passed.
Even if the “Motion for Reconsideration” be regarded as a petition for rehearing of the motion for reinstatement, we cannot see how plaintiffs could there bring up any issue other than the existence of good cause for reinstatement.
Affirmed.
McCAIN, J., and McNATT, JOHN M„ Associate Judge, concur.

. Newman v. Bennefeld, Fla.App.1967, 193 So.2d 482, 486.

. Little v. Sullivan, Fla.1965, 173 So.2d 135.