220 So.2d 908 (1969)
Frederick Frank SROCZYK, a/k/a Fred Sroczyk, Petitioner,
v.
Chester J. FRITZ, Respondent.
No. 36911.
Supreme Court of Florida.
February 26, 1969.
Rehearing Denied April 21, 1969.
*909 Dan R. Warren and Anthony J. Grezik, Daytona Beach, for petitioner.
Cliff B. Gosney, Jr., Daytona Beach, and J. Lewis Hall, of Hall, Hartwell, Hall & Canada, Tallahassee, for respondent.
TAYLOR, Circuit Judge.
In an action at law the circuit court of Volusia County, after jury trial, entered a judgment for the plaintiff. This judgment was reversed by the District Court of Appeal, First District, because the trial court did not grant a motion of the defendant to dismiss the case for lack of prosecution filed earlier in the proceedings. The pertinent matters in the record on appeal before the District Court of Appeal stated chronologically are:
Original Record on Appeal
April 20, 1965  Order of the trial judge continuing the case "for the term".
February 10, 1966  Notice of appearance of new counsel for plaintiff containing a request that the clerk place his name as associate counsel, together with certificate of service upon counsel for defendant.[1]
April 21, 1966  Motion by defendant to dismiss the case for lack of prosecution with certificate of service.
June 6, 1966  Notice by plaintiffs attorneys of hearing June 14, 1966 on motion to dismiss for lack of prosecution with certificate of service.
*910 (There is nothing in the original record on appeal to show a hearing on June 14, 1966, or an order on the motion to dismiss for lack of prosecution, but thereafter various pre-trial steps were taken and the case was tried.)
November 10, 1966  Final Judgment for plaintiff.
January 5, 1967  Entry of appeal by defendant.
January 5, 1967  Assignment of errors filed containing this assignment: "The court erred in denying defendants motion to dismiss for want of prosecution dated April 20, 1966, and heard before the court on June 14, 1966."

Supplemental Record on Appeal[2]
March 14, 1967  Motion by plaintiff for an order nunc pro tunc relating to a hearing on June 14, 1966, on defendant's motion to dismiss for want of prosecution.
March 31, 1967  Order of trial court entered nunc pro tunc June 14, 1966, denying defendant's motion to dismiss for reasons found to constitute good cause why the case should not be dismissed and setting forth the reasons for that order all of which had been orally announced on June 14, 1966.
The opinion of the District Court of Appeal states:
"The sole point presented for our decision is whether the trial court erred in denying defendant's motion to dismiss the action for failure of plaintiff to prosecute within a period of one year during the pendency of the cause in the trial court."
The District Court of Appeal then held that the trial court had denied the defendant's motion to dismiss and that this denial was reversible error because: (1) the record showed no action indicating a prosecution of the case from April 20, 1965, to April 21, 1966, and (2) the order denying the motion could not have been justified by a showing of good cause for failure to prosecute during that period.
Jurisdictional conflict exists between the judgment of the District Court of Appeal, First District in the case at bar and the decision of this court in Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497.
In Adams this court quashed a decision of the District Court of Appeal, Third District which reversed an order of a trial court denying a motion to dismiss a case for lack of prosecution. The trial court's denial of the motion was based upon affidavits showing that a request had been made for the case to be docketed within the year preceding the filing of the motion to dismiss. The judgment of this court had the effect of reinstating and affirming the order of the trial court denying the motion to dismiss. This court said:
"The trial court's determination on the issue of good cause was not wholly lacking in evidentiary support, but rested instead not only on the knowledge of the trial judge of conditions in his court but also on an evaluation of affidavits concerning efforts to obtain trial docketing within the preceding year. * * *"
In that case it was quite apparent that the trial court exercised a judicial discretion in denying the motion to dismiss, and that the denial was based upon a showing made at a hearing on a motion to dismiss for lack of prosecution. On rehearing this court said:
"Upon reconsideration we adhere to the prior determination of the cause."
*911 Some language in the opinion on rehearing, taken alone, may suggest a modification of the original decision, but the adjudication on the original hearing and on rehearing was the same. The trial court's action in denying a motion to dismiss for lack of prosecution was reinstated after being reversed by the District Court of Appeal, Third District. The trial court's denial of the motion to dismiss was based upon affidavits tending to show good cause for the delay. The affidavits were filed in opposition to the motion to dismiss and considered by the trial court at the hearing on the motion to dismiss.
In the case at bar the District Court of Appeal reversed a final judgment after jury trial because of the trial court's denial of a motion to dismiss for lack of prosecution earlier in the proceedings.
In doing so, it recognizes that Adams holds "the better rule to be that evidence of good cause for having failed to prosecute may be considered by the trial court in passing upon a motion to dismiss for want of prosecution, as well as in passing upon a motion to reinstate after the case has been dismissed."
Notwithstanding this clear recognition of the statement of law in Adams, the District Court of Appeal disapproved the quoted language from Adams and held that there was no discretion vested in a trial court in passing upon a motion to dismiss for lack of prosecution  that the only point at which discretion could be exercised was in passing upon a motion to reinstate. It expressed the opinion that Adams was inconsistent with prior decisions and was superseded by Little v. Sullivan.[3] There is a very definite and clear conflict between the case at bar and Adams.
It is significant that, under the constitution the issuance of conflict certiorari is discretionary and the conflict need not be between the District Court of Appeal's decision and the latest decision of this court on the question.
If we leave Adams, Little and the District Court opinion in this case on the books, together with other decisions[4] on the same subject, there will be irreconcilable statements of law in this important field of procedure which will inevitably cause uncertainty and confusion to the bar, the trial courts and the district courts of appeal.
It is just such areas of uncertainty in the law developed by inconsistent judicial opinions that makes necessary the conflict jurisdiction of this court. When the conflict is of such degree and in an area of such importance in the conduct of litigation as is here presented, this court should take jurisdiction and attempt to express the law in such clear language as to discourage further litigation.
It is probable that some of the apparent inconsistencies in the decisions are due to the failure of the opinions to point out changes which have been made in the statute.[5]
When originally enacted in 1929 this statute provided for dismissal when no action had been taken in three years, and authorized application for reinstatement at any time within six months from the order of dismissal. It provided that dismissal should be "without revivor or notice".
This statute was amended by Chapter 23965, Acts of 1947, so as to reduce the period of inaction authorizing dismissal to *912 one year and reduce the time for application for reinstatement after dismissal to one month. The provision that dismissal be without "revivor or notice" was retained.
By Chapter 29737, Acts of 1955, a crucial amendment was made. The words "without revivor or notice" were deleted and in their place the words "with notice to opposing counsel" were inserted.
Prior to the amendment of 1955 there was no provision in the statute for notice to the parties, even the defendant when the motion was made by an interested third party, before the entry of an order of dismissal. The order of dismissal was, therefore, essentially an ex parte judgment and the only opportunity afforded by the statute for a person injured by the dismissal to be heard was on a motion to reinstate.
By the amendment of 1955 it would appear that the legislature intended to require that the parties be given an opportunity to be heard on every motion to dismiss for lack of prosecution. The only reason for requiring notice and an opportunity to be heard was to permit the litigants to present at the hearing on the motion to dismiss reasons why that motion should not be granted.
If this be sound reasoning, then the change in the statute requiring notice instead of dispensing with notice was intended to permit interested parties to present to the court for a judicial evaluation all reasons which they have to offer why the motion to dismiss should be denied. It would seem to follow that it was the legislative intent by changing the statute to vest in the trial courts some jurisdiction for the exercise of judicial judgment and discretion in determining whether or not the motion to dismiss should be granted. Any other construction of the statute renders the requirement of notice futile and, in effect, destroys the legislative intent.
We re-affirm Adams and hold that on the hearing of a motion to dismiss for lack of prosecution under Rule 1.420(e) the plaintiff may show good cause, if any there be, why the motion to dismiss should not be granted, and if such showing is made the case should not be dismissed.
Since this court has acquired jurisdiction because of conflict with Adams, we should quash the judgment of the District Court of Appeal for another reason. That court, having determined that the proceedings had in the trial court subsequent to the filing of notice of appeal could not be considered, did not have before it any record showing that the motion to dismiss was ever called to the attention of, or ruled upon by, the trial judge. Recognizing this fact the district court said:
"From the foregoing it affirmatively appears that even though no formal order was rendered by the trial court denying defendant's motion to dismiss the action for want of prosecution, nevertheless the motion was effectively denied by action of the court in placing the case on its calendar for trial, by submitting it to the jury for consideration, and by rendition of a final judgment based upon the verdict rendered by the jury following trial of the cause."
This statement is the only foundation upon which to base a finding of error on the part of the trial court. But by assuming from the recited circumstances that the trial court heard and denied the motion the district court of appeal violated a cardinal principle governing the proceedings of appellate courts. Before a case should be reversed error of the trial court must be made to affirmatively appear from the record. In the record before the district court there was no express ruling by the trial court on the motion to dismiss.
In Aetna Casualty and Surety Co. v. Simpson, Fla.App., 128 So.2d 420, the defendant in the trial court filed a motion for summary judgment with accompanying affidavits. No order on this motion appeared *913 in the record, but the case was later tried and verdict and judgment rendered for plaintiff. On appeal the appellant, defendant below, sought to argue that the trial court erred in denying its motion for summary judgment. In that case the District Court of Appeal, First District, correctly held:
"It is fundamental that the record on appeal must contain every order, judgment or decree which forms the subject of alleged error. An appellate court is not authorized to hold a trial court in error for its rendition of an order, judgment or decree alleged to be erroneous unless proof of the rendition of such ruling is incorporated in the record and made available for review."
In Aetna the setting of the case for trial, trying it before a jury and rendering judgment upon the verdict of the jury was just as "effective" a denial of the defendant's motion for summary judgment as was the trial of the case at bar a denial of defendant's motion to dismiss for lack of prosecution. The rule so clearly stated in Aetna should have been applied here.
The petition for certiorari to the District Court of Appeal, First District, having heretofore been granted, and the case having been heard on the merits it is now adjudged that the judgment of the District Court of Appeal, First District, in this cause is quashed and this cause is remanded to the District Court of Appeal, First District, for further proceedings consistent with this opinion.
It is so ordered.
ERVIN, C.J., and ROBERTS and ADAMS (Retired), JJ., concur.
DREW, J., concurs specially with opinion.
THORNAL, J., dissents.
DREW, Justice (concurring specially):
When all is said and done, I think the principles set out by the opinions in the Adams and Little cases are consistent in holding that when inaction is established for the statutory period then a trial court must dismiss. The necessity for showing abuse of discretion in determining "good cause" applies to reinstatement. The district court opinion in the present case is, in my opinion, in conflict with Adams by virtue of misstatement of its reasoning, and is in error in concluding that dismissal was mandatory here because "it affirmatively appears from the record in this case that no action was taken. * * *" The record was in fact negative, omitting express disposition of the issue, and the Adams' decision clearly held that "action" under the statute may be shown by acts outside the record in the trial proceedings. Certainly the appellant below had the burden of showing on appeal not only the negative disposition of the motion to dismiss (which was implied from adjudication on the merits), but also the burden of establishing error in the ruling by a record showing that the denial was not based on a finding of "action" within the statutory period.
I concur therefore in the conclusion that the judgment on appeal should be quashed and the cause remanded.
NOTES
[1] This did not constitute such action as would stop the running of the statute and may be disregarded. Gulf Appliance Distributors v. Long, Fla., 53 So.2d 706.
[2] The District Court held specifically that the trial court had lost jurisdiction by reason of the appeal and the recited matters could not be considered by the appellate court. They are therefore nonexistent as supporting any argument before or decision of that court or this court.
[3] Little v. Sullivan, Fla., 173 So.2d 135. But what is said on this question in that case is obiter dictum because the court was there considering an appeal from an order on a motion to reinstate.
[4] Notably Owens v. Ken's Paint and Body Shop, Fla.App., 196 So.2d 17; Green v. Bursten, Fla.App., 197 So.2d 326; Newman v. Bennefeld, Fla.App., 193 So.2d 482; Landfield v. Sherman, La. App., 201 So.2d 819.
[5] Section 45.19, Florida Statutes  now Rule 1.420(e) Rules of Civil Procedure, 30 F.S.A.