259 So.2d 1 (1972)
CHRYSLER LEASING CORPORATION, a Delaware Corporation, et al., Petitioners,
v.
Albert F. PASSACANTILLI, Jr., et al., Respondents.
No. 41323.
Supreme Court of Florida.
February 9, 1972.
Rehearing Denied March 28, 1972.
*2 Robert L. Dube and Jeanne Heyward, Miami, for petitioners.
Bolles, Goodwin, Ryskamp & Ware, Miami, for respondents.
McCAIN, Justice.
We are concerned in this case with an application of Rule 1.420(e), RCP 30 F.S.A., (dismissal for lack of prosecution)[1] by the District Court of Appeal, Third District, opinion reported at 249 So.2d 518, which is alleged to conflict with Leithauser v. Harrison, 206 So.2d 222 (Fla.App. 4th, 1968), Davant v. Coachman Properties, Inc., 118 So.2d 844 (Fla.App. 2d, 1960), and Newman v. Bennefeld, 193 So.2d 482 (Fla.App. 2d, 1967). We have jurisdiction.
The questioned decision reads:
"This appeal by the plaintiffs is from an order of the trial judge which upon his own motion dismissed the cause for lack of prosecution pursuant to RCP 1.420(e), 30 F.S.A. It appears that the trial judge was mistaken in his finding that, `... It appearing that no action, by any party to the cause, has been taken by the filing of pleadings, Order of Court, or otherwise, in this case for a period of more than one year prior to the date of this order ...,' therefore, we reverse.
"An examination of the record reveals that in a response to the trial judge's re-notice of the hearing on the court's motion for order of dismissal, attorney for the plaintiff-appellant filed an affidavit in which he set forth that one of the plaintiffs had suffered a severe heart attack and stroke but that all of the plaintiffs were now ready to proceed to trial at any time the court would set the trial. Although this tender of trial did not technically comply with the court's last order continuing trial because of the illness of the same plaintiff, it nevertheless amounted to an offer of immediate trial and as such was a pleading in the cause.

"Therefore, it appearing that the trial court based its dismissal upon a mistaken finding as to the posture of the cause before it, the order appealed is reversed and the cause remanded for an order setting the cause for trial as expeditiously as can be done.
"Reversed and remanded." (Emphasis added.)
The District Court's opinion has reference to the following sequence of events which occurred in the trial court: (1) June 30, 1969: a continuance was granted by the trial court because plaintiff-respondent suffered a heart attack or stroke (the record is unclear on this point) and was unable to proceed with trial; (2) October 15, 1970: a "Re-Notice of Hearing on Motion for Order of Dismissal" was sent to the parties stating that unless plaintiffs could show good cause in writing why the action should remain pending at least five days before hearing, the cause would be dismissed for want of prosecution; (3) October 19, 1970: in response to the October 15 notice, plaintiff-respondent filed an affidavit reiterating that one of the plaintiffs suffered a heart attack in 1969, but that she had now recovered and would be able to proceed to *3 trial immediately; (4) October 29, 1970: the trial court entered an order of dismissal pursuant to Rule 1.420(e) RCP.
Based on the above facts, the District Court reversed the order of dismissal, concluding that the October 19, 1970 affidavit constituted activity within the meaning of Rule 1.420. Thus, "action" under Rule 1.420(e) was defined by the District Court as including a pleading submitted subsequent to a motion to dismiss for want of prosecution. On this petition, therefore, we must initially determine whether such a result comports with the intent and purpose of Rule 1.420(e) as reflected in the existing body of case law. We conclude that it does not.
Prior to the adoption of Rule 1.420(e), RCP, an involuntary dismissal for want of prosecution was governed by Fla. Stat. § 45.19, F.S.A., repealed in 1967 by Chapter 67-254, Laws of Florida. Section 1 of that statute provided:
"(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12:00 noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one month after such order of dismissal."[2]
Under Fla. Stat. § 45.19, F.S.A., a defendant or the court on its own motion could seek dismissal of the cause on the ground that plaintiff had failed to actively prosecute the action for a period of one year preceding the date the motion was made; if, at the hearing on the motion, plaintiff failed to establish that he had prosecuted the action by pleadings, order of court or otherwise, dismissal was automatic and mandatory. Plaintiff could then, however, petition for reinstatement of the action within one month if he could show good cause for his failure to prosecute within the preceding year. This entailed a second hearing directed to the question of good cause.
In contrast, Rule 1.420(e) reduces the two hearing requirement of the statute to one hearing at which the existence of active prosecution and/or good cause for failure to prosecute may be considered and determined. LaCoe's Florida Pleading, Practice and Legal Forms differentiates the statute and the rule in the following manner:
"... Subdivision (e) is changed to combine the former double hearing procedure so that dismissal for lack of prosecution and reinstatement are considered and determined at the same hearing. The change contemplates that a motion for dismissal for lack of prosecution will be granted unless the adverse party shows good cause in writing why the action should remain pending. If the court finds good cause is shown, the action will not be dismissed and reinstated. The motion will simply be denied. The change in subdivision (e) is not intended to change any of the decisions construing what constitutes lack of prosecution." (N. LaCoe, Florida Pleading, Practice and Legal Forms Annotated, Vol. II, at 641 [2d ed. 1971]) (Emphasis supplied.)
Essentially, then, the rule streamlines the procedure by which lack of prosecution may be determined, but does not change the substantive requirements for avoiding dismissal. When a motion to dismiss *4 under the rule is made a party must still show either active prosecution within the preceding year, or good cause for his failure to prosecute. Sroczyk v. Fritz, 220 So.2d 908 (Fla. 1969); Barrentine v. Vulcan Materials Co., 216 So.2d 57 (Fla.App. 1st, 1968); All State Building Materials, Inc., v. Peoples National Fund, Inc., 219 So.2d 464 (Fla.App. 1st, 1969); Dade County v. Moreno, 227 So.2d 548 (Fla.App. 3rd 1969).
Turning to the issue presented, in our view neither the statute nor the rule contemplates that a party may show "prosecution" by filing a pleading after a motion to dismiss is made by the other side. See Leithauser v. Harrison, supra; Davant v. Coachman Properties, Inc., supra; and Newman v. Bennefeld, supra.[3] The underlying purpose of the rule, (as of its predecessor, Fla. Stat. § 45.19, F.S.A.), is to expedite the course of litigation and keep dockets as nearly current as possible by penalizing those who would allow litigation to become stagnant. Dobson v. Crews, 164 So.2d 252 (Fla.App. 1st, 1964), affirmed 177 So.2d 202; May v. State ex rel. Ervin, 96 So.2d 126 (Fla. 1957); and Sudduth Realty Co. v. Wright, 55 So.2d 189 (Fla. 1951). To permit a party to show "action" by filing a pleading subsequent to a motion to dismiss for want of prosecution would effectively emasculate the rule by eliminating its penalty aspect. A party could delay the progress of the action for an indefinite period of time in the knowledge that when his adversary moved to dismiss under the rule, he could prevent dismissal merely by filing some pleading, motion or affidavit. That is, a party could avoid dismissal in every case by acting after the motion was made, whether or not he had prosecuted the action during the previous year, or could show good cause for his failure to do so. The threat of dismissal would cease to have any real deterrent effect in terms of requiring a party to keep a case moving. Accordingly, we conclude that the District Court erred in determining that plaintiff-respondent's October 19 affidavit did or could constitute "action" under Rule 1.420 (e), and the language in the opinion of that court so holding is hereby expunged.
However, in view of certain facts made a part of the record before the District Court but not mentioned in the opinion of that court, we conclude that plaintiff's complaint was correctly reinstated by the District Court (although for an erroneous reason), and it is therefore unnecessary to vacate the decision below.
The record reveals that on July 17, 1970, more than one year after the continuance of June 30, 1969, but prior to the October 15, 1970 "Re-Notice of Hearing" considered by the District Court, the attorney for plaintiff-respondent submitted to the trial court his "Affidavit in Opposition to Proposed Order of Dismissal" reiterating that plaintiff had suffered a "severe and disabling stroke", that her course of recovery was steady but slow, and that her doctors advised that she should be physically able to proceed to trial by December 1, 1970. The "Proposed Order of Dismissal" to which this affidavit purports to respond is not a part of the record below, but its existence is stipulated to by both attorneys in their briefs before this Court. Petitioner states that this Order was not made a part of the record on appeal because it was never filed with the Clerk of the Circuit Court, but that both parties received the Order in *5 the mail. Respondent admits receiving the Order.[4]
The existence or absence of the "Order of Dismissal" is not crucial to our decision, however. Without such an order, the July 17, 1970 affidavit standing alone constitutes prosecution of the cause within the year preceding the October 15, 1970 motion. See Owens v. Ken's Paint and Body Shop, 196 So.2d 17 (Fla.App. 3rd, 1967); Adams Engineering Company, Inc. v. Construction Products Corporation, 156 So.2d 497 (Fla. 1963); Equity Capital Company v. 601 West 26 Corp., 223 So.2d 762 (Fla.App. 3rd, 1969); and Whitney v. Whitney, 241 So.2d 436 (Fla.App. 2d, 1970). Conversely, assuming the existence of the "Order", the affidavit of July 17, 1970, is a sufficient showing of good cause for plaintiff's failure to prosecute during the preceding year. The severe illness of a major party to a cause is an ample justification for failure to bring a case to trial for a reasonable time.
Moreover, in this case, the trial court had ordered a continuance of the cause to allow plaintiff to recover her health; at the time of the July 17, 1970, affidavit, it appeared that she had not yet recovered, although she would be well enough to go to trial by December 1970. We think it was inconsistent for the trial judge to penalize plaintiff for a delay authorized by him in a formal order of the Court.
Accordingly, the decision of the District Court of Appeal, Third District, is expressly disapproved in its rationale, but approved in its final result, and the cause is remanded to the District Court with instructions to order the Circuit Court, Dade County, to reinstate the action.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.
NOTES
[1] Rule 1.420(e), RCP  Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action, or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.
[2] Section (2) of the same statute was virtually identical to § (1) but provided a three year period for actions instituted prior to October 1, 1947, and gave the parties six months after dismissal to seek reinstatement for good cause.
[3] The Third District Court of Appeal has reached this result explicitly several times in the past. See City of Miami v. Railway Express Agency, Inc., 141 So.2d 285 (Fla.App.3rd, 1962), in which the court said: "... defendant's motion to dismiss for want of prosecution was not made until four days after the plaintiff had progressed the case by setting down the pending motion [to produce physicians' reports]. In the absence of a showing the act of noticing the motion [to produce] for hearing was not a step taken in good faith ..., it was sufficient, when done before the motion to dismiss for want of prosecution, to protect against dismissal." (Emphasis supplied) Accord, Knowles v. Gilbert, 208 So.2d 660 (Fla.App.3rd, 1968) and Beigel v. Simon, 210 So.2d 473 (Fla.App. 3rd, 1968).
[4] The complete series of procedural maneuvers at the trial level may thus be summarized as follows:

1. June 30, 1969:
Continuance granted because of illness of plaintiff.
2. Sometime between July 1, 1970 and July 17, 1970:
"Proposed order of dismissal" is alleged to have been sent to parties, although this document is not made a part of the record.
3. July 17, 1970:
Affidavit in response to #2 is filed by plaintiff's attorney alleging that she is still recovering from illness, and will be ready for trial by December 1, 1970. This document is made a part of the record.
4. October 15, 1970:
"Re-Notice of Hearing on Motion for Order of Dismissal" is sent to parties; this document is also made a part of the record.
5. October 19, 1970:
Plaintiff's attorney files affidavit stating that she is now well and can go to trial. This document is also in the record.
6. October 29, 1970:
Cause dismissed by trial court for want of prosecution.
Numbers 2 and 3 above were apparently not deemed significant by the District Court, since the opinion of that Court treats only #'s 1, 4, 5 and 6.