SALFI, DOMINICK J., Associate Judge
(dissenting)
The facts, as set forth by my colleagues, are accurate. I take issue with the conclusion reached. Rule 1.420(e) RCP is designed to place the responsibility for the moving of civil litigation upon the parties (usually the plaintiff) and the courts of Florida have placed a very literal interpretation upon the application of this rule to the extent of removing the discretion from the trial judge where no written showing of good cause is made within five days prior to the hearing. Leithauser v. Harrison, Fla.App.1968, 206 So.2d 222, cert. denied, Fla., 212 So.2d 868; Associates Discount Corporation v. Gonzalez, Fla.App.1970, 239 So.2d 630.
My brothers have now recognized an exception to the literal interpretation of the rule, wherein if a judge enters an order of continuance leaving the resetting of the case open to the parties and the judge, then the one year rule for failure to prosecute does not begin to run. Cases can remain on our court dockets for years with no one being responsible to move them to a conclusion. The same conclusion could be easily reached where the parties stipulate to the continuance, and said stipulation is approved by the court.
Rule 1.420(e) was designed so as not to let our courts become a resting place for dead or inactive litigation.
The committee note to the 1968 amendment stated:
“. . . the change contemplates that a motion for dismissal for lack of prosecution will be granted unless the adverse party shows good cause in writing why the action should remain pending.” (Emphasis added.)
If we permit exception after exception to be engrafted onto this rule soon it will no longer be capable of serving the purpose for which it was designed, i. e., to expedite court docket and to keep court calendars as current as possible.
For these reasons I must respectfully dissent. I would affirm the order dismissing appellant’s action for lack of prosecution.