PER CURIAM.
Plaintiff, Bertha Vender, appeals a judgment dismissing her amended complaint with prejudice and granting the motion of defendant 7900 Red Road Partnership to compel and effect full performance of a settlement agreement.
Bertha Vender filed a complaint and an amended complaint against appellees Dade *1060 County and 7900 Red Road Partnership alleging, in essence, that (1) defendant partnership had erected an office building adjacent to the west boundary line of her property, the sidewalk of which lies entirely within her property, and (2) the building’s two driveways traverse her property in an east-west direction. She further alleged that without notice and compensation Dade County had taken the east 19 feet of her property for a public right-of-way. She prayed for ejectment, injunctive relief, inverse condemnation (as to the County) and compensatory and punitive damages. Defendants answered and subsequently plaintiff’s counsel negotiated a settlement whereby plaintiff would deed the disputed property to defendant partnership in exchange for $4,050 and all parties were to execute a joint stipulation and motion of dismissal of the cause with prejudice. Upon learning of the settlement, plaintiff fired her counsel, refused to proceed with the agreement and retained new counsel. Thereupon, defendant partnership filed a motion to compel performance of settlement agreement. After hearing argument of counsel, the trial judge entered final judgment dismissing the action and compelling performance of the agreement based upon the following findings:
“1. That the Settlement Agreement heretofore entered into by the Attorneys for all parties hereto is enforceable and in full compliance with the provisions of Section 1.030(d) of the Florida Rules of Civil Procedure.
“2. That the attorney of record for the Plaintiff had full and express authority from the Plaintiff to so compromise and settle this cause of action for her and such authority was clear and unequivocal and the Settlement Agreement was in full accordance with such expressed authority so given to the Plaintiff’s Attorney.”
Appellant argues that the trial court erred in ratifying the agreement because she did not give her attorney special authority to compromise or settle her claim, and the agreement reached between her attorney and the appellees was without her knowledge or consent.
Where, as here, the issue sought to be reviewed is necessarily a mixed question of law and fact, the duty devolves upon the appellant to make error clearly appear by availing the appellate court of a proper record of the facts and circumstances pertinent to and connected with the asserted errors.
In this case appellant failed to present a record adequate for this court to make a determination of the point she raises and, accordingly, the appealed judgment must be and is affirmed. See Best v. Barnette, 130 So.2d 90 (Fla.2d DCA 1961); Pan American Metal Products Co. v. Healy, 138 So.2d 96 (Fla.3d DCA 1962); Morceau v. Header, 179 So.2d 242 (Fla.3d DCA 1965); Pierson v. Sharp, 283 So.2d 880 (Fla.4th DCA 1973).
Affirmed.