BASKIN, Judge.
Although the parties had lived together for several years prior to their marriage, their marriage lasted less than three years. In the Final Judgment Dissolving Marriage the trial court ruled:
1. The bonds of marriage between Petitioner, BERNICE GRIFFIN, and Re *969 spondent, BRUCE EMERY GRIFFIN, are dissolved.
2. As lump sum alimony from the husband, the wife is awarded the husband’s interest in the parties’ house at 700 N.E. 164th Street in Dade County, Florida, and the husband shall execute and deliver to. the wife a Quit-Claim Deed conveying to the wife the husband’s interest in that house. The husband shall pay to the wife as additional lump sum alimony the sum of $50,000.00 payable $25,000.00 within 20 days from the date of this Judgment and the balance of $25,000.00 payable over five years in equal monthly installments of $416.67, the first monthly installment to be paid on or before November 1,1982.
3. In order that the wife may make the necessary psychological adjustment and so that she may retrain as a cosmetologist or for such other vocation as may be appropriate for the wife, the wife is awarded rehabilitative alimony of $1,000.00 per month (commencing November 1, 1982) for a total of 36 months. Prior to the expiration of said time, should it appear that the wife, having made a good faith attempt to become rehabilitated and self-supporting, is physically or psychologically incapable of doing so, an application to this Court for appropriate relief shall be entertained, and jurisdiction is reserved for that purpose.
4. The husband shall pay those obligations actually incurred (including any unpaid temporary alimony) through October 22, 1982, for items previously ordered to be paid by husband.
5. The husband shall pay the wife’s reasonable attorney’s fees and costs, to be determined upon further hearing, and jurisdiction is reserved for that purpose.
6. Custody of the minor children of the parties and the issue of child support, if any, shall be determined upon further hearing, and the Court reserves jurisdiction for that purpose.
7. The issue" of wife’s jewelry, purported to be in husband’s possession, shall be resolved upon further hearing.
8.The Court retains jurisdiction of this cause for the matters as set forth above, and for enforcement of the provisions of this Judgment.
Under the circumstances of this case, we find no abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Furthermore, we find no error in the trial court’s award of $3,500 as attorneys’ fees for the wife’s attorney who was retained only six days prior to trial; no record has been provided to support appellant’s contentions. See Sroczyk v. Fritz, 220 So.2d 908 (Fla.1969); Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980); Vender v. 7900 Red Road Partnership, 346 So.2d 1059 (Fla. 3d DCA 1977). Appellant’s remaining points lack merit.
Affirmed.