MIHOK, A.J.
David and Mary Plumpton appeal the trial court’s order dismissing their complaint against Continental Acreage Development Company (Continental) for failure to prosecute.[1] We reverse because the Plumptons have established that there was record activity during the one year time period preceding the date Continental filed its motion to dismiss.
On March 5, 1990, the Plumptons filed suit against Continental alleging a claim of breach of contract in relation to a real estate transaction. Continental filed an answer denying liability and asserting several affirmative defenses. Several years of discovery and delay passed. Eventually, more than eight years after the complaint was filed, on August 4, 1998, Continental filed a motion to dismiss the Plumptons’ lawsuit for lack of prosecution. Upon review of the record the trial court dismissed the Plumptons’ complaint, finding there was no record activity during the twelve months preceding the filing of Continental’s motion to dismiss. The Plumptons appeal this ruling, arguing that dismissal was improper because there had been record activity within one year of the filing of the motion to dismiss.
When a motion to dismiss for lack of prosecution is filed by the defendant the plaintiff must show either active prosecution within the preceding year or good cause for his failure to prosecute. See Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1, 4 (Fla.1972). In that regard, rule 1.410(e) of the Florida Rules of Civil Procedure provides:
Rule 1.420. Dismissal of Actions.
if: * * í¡: # *
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court' or otherwise has occurred for a period of one year shall be dismissed by the court ... unless ... a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending.
Fla. R. Civ. P 1.420(e). In Del Duca v. Anthony, 587 So.2d 1306, 1308-9 (Fla.1991), our supreme court explained that application of rule 1.420(e) is a two-step process:
First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.
As noted above, the only issue for our review in the instant case is the issue of record activity. Our supreme court has *556 defined “record activity” as including any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits. See Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987); see also Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992).
Continental filed its motion to dismiss on August 4, 1998; therefore, the relevant time period for dismissal purposes ran between August 4, 1997, and August 4, 1998. Independent review of the record filed with this court reveals a unique situation. In that regard, a cursory review of the index sheet on the court file indicates that, just as the trial court stated, there is no docket entry during the one year time period between August 4, 1997, and August 4, 1998. However, a more intensive review of the index sheet reveals that directly below the docket entry dated October 8,1998, an entry which made reference to the filing of the Plumptons’ Notice of Appeal, there is a paragraph stating:
THE FOLLOWING PLEADING WAS DOCKETED TO THE WRONG CASE FILE THEREFORE WAS OMITTED IN THE ABOVE RECORD.
Below this paragraph is a docket entry dated August 7, 1997, referencing an order entered by the trial court denying the Plumptons’ motion to recuse Continental’s counsel and granting the Plumptons’ motion for continuance. While it appears that this docket entry was not contained in the record at the time the trial court ruled on Continental’s motion to dismiss, the order was signed by the trial court on July 30, 1997, and a copy of the order was furnished to Continental’s attorney on August 5,1997.
The Plumptons argue that this August 7, 1997 order constituted sufficient record activity to preclude dismissal for failure to prosecute. We agree because the trial court’s decision to grant the Plumptons’ unopposed motion for continuance was based upon the fact that the matter had been scheduled for mediation. Also, in addition to granting the motion for continuance, the trial court ordered the matter to be set on the next available docket should the mediation prove unsuccessful. This ruling was certainly calculated to hasten this matter to judgment.
Accordingly, the order of the trial court dismissing the Plumptons’ complaint for lack of prosecution is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
DAUKSCH and PETERSON, JJ., concur.

. See Fla. R. Civ. P 1.420(e).