CASANUEVA, Judge.
In 1997 Friedrich Wagner sued Dr. Det-lef Uthoff for damages resulting from an alleged breach of an oral agreement and fraud in the inducement of an oral agreement. After much discovery and numerous pretrial motions, it became clear that Mr. Wagner was a resident of Germany and had never posted a nonresident plaintiffs costs bond pursuant to section 57.011, Florida Statutes (1997).[1] Based on this failure, the trial court dismissed the complaint with prejudice and Mr. Wagner appealed. We reverse finding an abuse of the trial court’s discretion. Waxman v. Schwarz, 458 So.2d 72 (Fla. 3d DCA 1984).
After yeoman’s efforts to clarify Mr. Wagner’s residency status, Dr. Uthoffs counsel, on April 3, 2002, and pursuant to the statute, filed a notice of intent to dismiss for failure to post the nonresident plaintiffs costs bond. Twenty days later, the time allowed under the statute, the required bond had not been posted and no objection had been filed on the grounds that Mr. Wagner was not a nonresident plaintiff. So, on that twentieth day, April 23, 2002, Dr. Uthoffs counsel filed a motion to dismiss. Without hearing, the trial court rendered a final order of dismissal on April 25, 2003, the twenty-second day after notice of intent to dismiss was filed, which was, coincidentally, the same day that Mr. Wagner filed a sufficient cash bond with the clerk of court pursuant to the statute. A subsequent timely motion for rehearing was filed pointing out, inter *1179 alia, that the required bond was now posted. Rehearing was denied and this appeal ensued.
Of all Mr. Wagner’s many arguments on appeal, we find merit in only one, that he was entitled to the five-day grace period given to litigants pursuant to Florida Rule of Civil Procedure 1.090(e), when papers are served by mail.[2] Mr. Wagner argues that because he was served with Dr. Uthoffs notice of intent by mail, his response time included the twenty-day period prescribed by the statute, plus the extra five days allowed under rule 1.090(e). Therefore, he had until the twenty-fifth day after the fifing of Dr. Uthoffs notice of intent to dismiss, or until April 28, 2003, to file the bond or object to it, before facing certain dismissal. He maintains that the bond, filed on the twenty-second day, was timely. We agree.
As the Fourth District has explained, not every response by a party will be considered timely when that party avails himself of the rule’s five-day grace period for mailing. In Leithauser v. Harrison, 206 So.2d 222, 224 (Fla. 4th DCA 1968), the Fourth District found that whether the subsequent act is “mandatory or permissive, done by requirement or of right,” rule 1.090(e) clearly anticipated that the party’s subsequent act be responsive to the prior notice or paper. In Leithauser, the appellate court was evaluating a party’s response after the fifing of an order of the circuit court, clearly a “notice or paper” as contemplated by the rule. If the subsequent act is responsive to the prior notice, paper, or order, it will be considered timely if filed within the rule’s grace period, but otherwise not. The “subsequent act” in Leithauser was found nonre-sponsive and, therefore, not entitled to the extra days of the rule’s grace period, three days at that time, to save the case from being dismissed for lack of prosecution. In contrast to the situation in Leithauser, we find Mr. Wagner’s action in fifing the cash bond with the clerk within the rule’s grace period a permissive and, more important, a . responsive “subsequent act.” The trial court should have accepted the cash bond as timely filed when Mr. Wagner’s counsel showed, in his timely motion for rehearing, that he had filed the bond within the grace period.
Reversed and remanded for further proceedings.[3]
DAVIS and CANADY, JJ„ Concur.

. Section 57.011, Florida Statutes (1997), provides as follows:
Costs; security by nonresidents.—
When a nonresident plaintiff begins an action or when a plaintiff after beginning an action removes himself or herself or his or her effects from the state, he or she shall file a bond with surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him or her in said action in the court in which the action is brought. On failure to file such bond within 30 days after such commencement or such removal, the defendant may, after 20 days’ notice to plaintiff (during which the plaintiff may file such bond), move to dismiss the action or may hold the attorneys bringing or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against the attorney.

. Florida Rule of Civil Procedure 1.090(e) provides:
Additional Time after Service by Mail.
When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party and the notice or paper is served upon that party by mail, 5 days shall be added to the prescribed period.

. Our reversal shall not be construed in any manner upon remand as a comment on the merits of the case.